[No. D038973. Fourth Dist., Div. One. June 6, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN BOYD HARPER, Defendant and Appellant.

COUNSEL

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Douglas P. Danzig and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McCONNELL, J.—Steven Boyd Harper appeals his conviction of first degree murder committed for the benefit of a criminal street gang. (Pen. Code, §§ 187, subd. (a), 186.22 subd. (b)(1).)[1] He was sentenced to 25 years to life for the murder plus a 10-year consecutive criminal street gang enhancement pursuant to section 186.22.

On appeal, Harper contends his conviction must be reversed because CALJIC No. 17.41.1 (1998 new) (6th ed. 1996) was given. He also contends the court erred in imposing a 10-year criminal street gang enhancement rather than imposing the alternate criminal street gang penalty of a 15-year minimum term on his parole eligibility. We agree with the latter contention and affirm the judgment as modified.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION[2]

I

*CALJIC No. 17.41.1*

 In his opening appellate brief, Harper argues instructing the jury pursuant to CALJIC No. 17.41.1 violated his constitutional right to a jury trial by improperly interfering with the jury's power to engage in jury nullification and by chilling freedom of expression during deliberations. Shortly after Harper filed his opening brief, the Supreme Court in *People v. Engelman* (2002) 28 Cal.4th 436 [121 Cal.Rptr.2d 862, 49 P.3d 209] rejected these arguments and held giving CALJIC No. 17.41.1 does not warrant reversal. As Harper acknowledges in his reply brief, "the propriety of CALJIC 17.41.1 has thus been settled as a matter of California state law." Nonetheless, Harper argues the instruction "does in fact violate the federal right to a jury trial" and asserts the instruction may have affected the jury deliberations in this case.

The Supreme Court specifically rejected arguments that the instruction violated either the federal or state constitutional right to a jury trial. (*People v. Engelman, supra,* 28 Cal.4th at pp. 439-440.) We are bound by the California Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Moreover, Harper's assertion that the instruction might have affected the jury deliberations is based on sheer speculation; there is no indication that CALJIC No. 17.41.1 affected this verdict in any way.

No reversal is merited on this ground.

II

*Gang Enhancement*

 ▀▀ █Harper contends the court erred in imposing a 10-year consecutive criminal street gang enhancement of section 186.22, subdivision (b)(1)(C) rather than the alternate criminal street gang penalty 15-year minimum parole eligibility of section 186.22, subdivision (b)(5).[3]

Section 186.22, in pertinent part, provides:

---

[2] Harper raises no factual issues in this case and therefore it is unnecessary to set out the facts of the underlying murder.

[3] The Attorney General contends Harper may not raise this error on appeal because he did not object below. We disagree. An unauthorized sentence, such as the one here, may be raised

"(b)(1) *Except as provided in paragraphs (4) and (5)*, any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] . . . [¶]

"(C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years. [¶] . . . [¶]

"(5) Except as provided in paragraph (4) [life terms for certain enumerated felonies], any person who violates this subdivision in the commission of a felony *punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served*." (Italics added.)

█ The primary task of a court in construing a statute is to determine the Legislature's intent. (*In re Christian S.* (1994) 7 Cal.4th 768, 775 [30 Cal.Rptr.2d 33, 872 P.2d 574].) We begin with the words of the statute, giving them their ordinary meaning. (*Id.* at pp. 775-776; *People v. Green* (1995) 36 Cal.App.4th 280, 282 [42 Cal.Rptr.2d 249].) The Legislature's choice of words is usually the best indicator of its intent. (*In re Carr* (1998) 65 Cal.App.4th 1525, 1530 [77 Cal.Rptr.2d 500]; *Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218].) " 'The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible.' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 659 [25 Cal.Rptr.2d 109, 863 P.2d 179].) The courts cannot "ignore the actual words of the statute in an attempt to vindicate [the court's] perception of the Legislature's purpose in enacting the law." (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 993 [73 Cal.Rptr.2d 682, 953 P.2d 858].) "Courts may not rewrite statutes to supply omitted terms or to conform to an assumed, unexpressed legislative intent. [Citation.] It is, of course, up to the Legislature, and not the courts, to rewrite statutes." (*Western/California Ltd. v. Dry Creek Joint Elementary School Dist.* (1996) 50 Cal.App.4th 1461, 1488 [58 Cal.Rptr.2d 220]; *Warmington Old Town Associates v. Tustin Unified School Dist.* (2002) 101 Cal.App.4th 840, 857 [124 Cal.Rptr.2d 744].)

for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

 The plain words of section 186.22, subdivision (b)(1) state that when a determinate term is imposed, "[e]xcept as provided in paragraphs (4) and (5)," then one of the determinate, consecutive enhancements applies (such as the 10-year enhancement for a violent felony committed to further a criminal street gang). (§ 186.22, subd. (b)(1)(C).) Section 186.22, subdivision (b)(5) (referred to in subd. (b)(1) as an exception to the general rule of determinate, consecutive enhancements) clearly provides that when the underlying "felony [is] punishable by imprisonment in the state prison for life," then the individual "shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b)(5).) In other words if, as here, an indeterminate life term is imposed, then the 15-year minimum parole eligibility applies rather than a determinate, consecutive enhancement. As did the court in *People v. Ortiz* (1997) 57 Cal.App.4th 480, 486 [67 Cal.Rptr.2d 126] (*Ortiz*), we find the statutory language to be "clear and unambiguous" and "requir[ing] no interpretation or construction."

In *Ortiz*, the defendant was convicted of murder and second degree robbery and the jury found true vicarious firearm and criminal street gang enhancements. The court sentenced the defendant to a life term and imposed both a gang-enhancement minimum 15-year parole eligibility as well as a three-year gang enhancement. The defendant argued, and the Attorney General conceded, that section 186.22 "simply extends the minimum parole term for life prisoners and '. . . the clear import of these provisions is to limit the additional [enhancement] term provided by section 186.22 [subdivision] (b) to those felonies which are not punishable by imprisonment in the state prison for life. The statute is not amenable to any other rational interpretation.'" (*Ortiz, supra,* 57 Cal.App.4th at p. 485.) The *Ortiz* court concluded that "[n]othing in Penal Code section 186.22, subdivision (b)([5])[4] suggests this extended parole eligibility limitation period should be combined with an additional determinate term," struck the three-year consecutive gang enhancement and ordered the abstract of judgment to be modified to reflect a sentence with a minimum parole eligibility date of 15 years to life. (*Id.* at pp. 485-486.)

Subsequently, in *People v. Herrera* (2001) 88 Cal.App.4th 1353 [106 Cal.Rptr.2d 793] (*Herrera*), the majority distinguished *Ortiz* on the basis that in *Ortiz* the defendant had been sentenced to both a determinate gang enhancement as well as the 15-year parole minimum, whereas in *Herrera* only the determinate, consecutive enhancement was imposed. (*Id.* at p. 1364.) The majority held that when a defendant is sentenced to 25 years to life for first degree murder, as in *Herrera*, the minimum 15-year parole

---

[4]At the time *Ortiz* was decided, the substance of section (b)(5) was contained in subdivision (b)(4). For the sake of convenience, we refer to the subdivisions as currently numbered.

eligibility of section 186.22, subdivision (b)(5) does not apply and the court may impose a determinate gang enhancement. The majority reasoned that section 186.22's 15-year minimum parole eligibility could not apply when a defendant had been convicted of first degree murder and sentenced, pursuant to the voter-enacted section 190, to a 25-year-to-life term because pursuant to section 190, subdivision (e), there was a 25-year minimum parole eligibility. The majority construed the language in section 186.22, subdivision (b)(1) imposing determinate gang enhancements " '[e]xcept as provided by paragraph [(b)] ([5])' to mean that if paragraph ([5]) is inapplicable for any reason, then the one of the . . . determinate terms applies to the defendant."[5] (*Herrera*, at p. 1364.) The *Herrera* majority affirmed the imposition of a three-year gang enhancement where the defendant had been sentenced to a 25-year-to-life term.

A dissent was filed in *Herrera*. The dissent initially pointed out that the defendant in *Herrera* had never argued that the 15-year minimum term of section 186.22, subdivision (b)(5) superseded the mandatory 25-year minimum term of section 190, subdivisions (a) and (e). (*Herrera, supra,* 88 Cal.App.4th at p. 1368 (conc. & dis. opn. of Grignon, J.).) The dissent then went on to analyze the language of the statute and agreed with the conclusion of the *Ortiz* court that the language of section 186.22 was "crystal clear." The dissent concluded when a defendant receives a life sentence, the 15-year minimum term applies instead of the determinate enhancements. (*Herrera*, at pp. 1368-1369.)

The dissent then addressed "[t]he question (although largely academic in this case) . . . as to the effect of the 15-year minimum term provided by the gang statute." (*Herrera, supra,* 88 Cal.App.4th at p. 1369 (conc. & dis. opn. of Grignon, J.).) The dissent noted: "There is no statutory provision prescribing a mandatory effect. The 15-year minimum term is not a sentence enhancement, but rather is an alternate penalty for the underlying felony conviction." (*Id.* at pp. 1369-1370.) The dissent concluded: "Since the penalty for the underlying felony is greater than the alternate gang minimum term, the gang minimum term has no mandatory effect" and was only one of the considerations the Board of Prison Terms may take into account when granting or denying parole to a prisoner who is eligible for parole. (*Id.* at p. 1370.) The dissent calculated the defendant's sentence to be 25 years to life for personally discharging a firearm in the commission of a murder, a consecutive 25 years to life for the murder itself with a 15-year minimum

---

[5]At the time *Herrera* was decided, as was also the case in *Ortiz* (see fn. 4, *ante*), the substance of the current section 186.22, subdivision (b)(5) was contained in subdivision (b)(4). For the sake of convenience we use the current numbering system.

term that was subsumed by the 25-year-to-life minimum term for the murder conviction. (*Id.* at pp. 1369, 1370, fn. 6.)

We find the reasoning of the *Herrera* dissent to be persuasive. As pointed out by both the *Herrera* dissent and the majority in *Ortiz*, the language of section 186.22 is clear: determinate enhancements are to be imposed only when a determinate term is imposed. The 15-year parole minimum is to be imposed when the defendant has been sentenced to a life term. The *Herrera* majority improperly ignored the actual words of the statute in an attempt to vindicate its perception of the Legislature's purpose. To reach their result, the *Herrera* majority added a term to the statute—that is, an exception to the section 186.22, subdivision (b)(5) imposition of a 15-year minimum parole eligibility when the underlying life term has more than a 15-year minimum parole eligibility. Certainly, such a provision would be consistent with the Legislature's intent to more severely punish gang-related crimes. However, nothing in the language of section 186.22, subdivision (b)(5) states there is an exception to the alternate gang penalty of a 15-year minimum parole eligibility when a life term with a longer minimum parole eligibility is imposed. While there may be a certain logic to the punishment scheme devised by the *Herrera* majority, it is not the punishment scheme contained in the statute. We believe the *Herrera* majority improperly engaged in rewriting the statute. Rewriting a statute to more accurately reflect a legislative intent to impose greater punishment for gang-related crimes is a task for the Legislature, not for the courts.

We conclude the trial court erred in imposing a 10-year gang enhancement. Because Harper was sentenced to a life term, section 186.22 mandates that the alternate punishment of a 15-year minimum parole eligibility be imposed. In this case, the 15-year minimum parole eligibility has little effect since it is subsumed in the 25-year minimum parole eligibility imposed for the underlying murder conviction. (See § 190, subd. (e).)

We order stricken the 10-year gang enhancement and the abstract of judgment modified to reflect the imposition of the alternate penalty.

### DISPOSITION

The judgment is affirmed. The 10-year gang enhancement imposed pursuant to section 186.22 is ordered stricken and the abstract of judgment amended to reflect the striking of the enhancement and the 15-year minimum parole eligibility of section 186.22, subdivision (b)(5). The superior court is

directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract to the Department of Corrections.

Haller, Acting P. J., and McIntyre, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 10, 2003.