Filed 10/31/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TREVAUN IAN FRANCIS,<br><br>  Defendant and Appellant. | B270470<br><br>Los Angeles County<br>Super. Ct. No. BA372403 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed as modified.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kathleen A. Kenealy, Acting Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

The Street Terrorism Enforcement and Prevention Act (the STEP Act) imposes an additional penalty on any defendant who commits a felony to benefit a criminal street gang. The length of the sentence enhancement depends on whether the felony is serious, violent, or non-serious and nonviolent. Defendant Trevaun Ian Francis[1] was convicted of a serious felony with gang and gun enhancements. Thus, the gang enhancement for serious felonies applied. Under the circumstances of this case, however, the court could not impose both the gun enhancement *and* the serious-felony gang enhancement. (*People v. Le* (2015) 61 Cal.4th 416 (*Le*).) Instead of staying or striking the prohibited enhancement, the court imposed the "other felonies" gang enhancement.

We conclude, based on the plain language of the statute, that the gang enhancement for "other felonies" cannot be appended to a serious or violent felony because serious and violent felonies fall within that provision's excepting clause. We therefore modify the judgment to reflect the serious-felony gang enhancement, stay the enhancement, and affirm as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2010, defendant, who had recently turned 18 years old, drove two fellow members of the Rollin' 30s Harlem Crips to territory claimed by the Fruit Town Brims, a Bloods gang. Defendant shot at a cyclist who appeared to belong to the rival gang.

---

[1] In some court documents, defendant is referred to as Trevaun Renald Francis.

By second amended information filed January 14, 2011, defendant was charged with assault with a firearm (Pen. Code,[2] § 245, subd. (a)(2); count 1); shooting from a motor vehicle (former § 12034,[3] subd. (c); count 3); and assault with a semiautomatic firearm (§ 245, subd. (b); count 4).[4]  The information alleged personal firearm use (§ 12022.5, subd.(a)) and serious-felony gang enhancements (§ 186.22, subd. (b)(1)(B)) for each count.  The information also alleged that defendant had been on bail in two other cases when he committed the charged crimes (§ 12022.1).

Defendant pled not guilty and denied the allegations.  After a bifurcated trial at which he testified in his own defense, a jury found defendant guilty of counts 3 and 4 and found the conduct enhancements true.  Defendant waived his right to a jury determination of the truth of the two on-bail allegations, admitted one allegation (pertaining to case no. BA369882), and denied the other allegation (case no. YJ33464).[5]

At sentencing, defendant argued—and the prosecution conceded—that the serious-felony gang enhancement that had

---

[2]     All undesignated statutory references are to the Penal Code.

[3]     Effective January 1, 2012, former section 12034 (count 3) was recodified without substantive change at section 26100.  (Stats. 2010, ch. 711, § 4 [repealed]; Stats. 2010, ch. 711, § 6 [reenacted].)

[4]     Count 2 only applied to co-defendant Jean Palacios, who is not a party to this appeal.

[5]     Although the on-bail allegation pertaining to case no. YJ33464 was neither found true nor imposed by the court, the minute orders do not reflect that it was dismissed.  Upon issuance of our remittitur, the trial should correct the minute orders to reflect dismissal of this allegation.

3

been alleged and proven under section 186.22, subdivision (b)(1)(B), was barred by section 1170.1, subdivision (f). (*Le*, *supra*, 61 Cal.4th at p. 425.) The prosecution contended, however, that *Le* allowed the court to impose a gang enhancement under section 186.22, subdivision (b)(1)(A), instead. After a contested hearing, the court concluded it had the authority to enhance defendant's sentence under subdivision (b)(1)(A).

The court sentenced defendant to an aggregate term of 25 years in state prison. The court selected count 4 (§ 245, subd. (b)) as the base term and sentenced defendant to the upper term of nine years. The court imposed the upper term of 10 years for the personal-use enhancement (§ 12022.5, subd. (a)), the upper term of four years for the gang enhancement (§ 186.22, subd. (b)(1)(A)), and two years for the on-bail enhancement (§ 12022.1), to run consecutively.[6] The court stayed count 3 (former § 12034, subd. (c)) and its related enhancements under section 654 and dismissed count 1 (§ 245, subd. (a)(2)), which was a lesser-included offense of count 4.

Defendant filed a timely notice of appeal.

---

[6] On our own motion, we take judicial notice of two court records in superior court case no. BA369882—the abstract of judgment filed on May 15, 2017, and the minute order of May 4, 2017. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).) In light of defendant's subsequent no-contest plea in case no. BA369882, the court's failure to stay execution of the on-bail enhancement in this case was harmless. (§ 12022.1, subd. (d) [on-bail enhancement requires conviction of both original and new offenses]; *People v. Meloney* (2003) 30 Cal.4th 1145, 1162–1163 [where the enhancement case is tried before the bail case, court must stay enhancement pending conviction in original case].)

4

## DISCUSSION

In *People v. Rodriguez*, the California Supreme Court held that under section 1170.1, subdivision (f), when a crime qualifies as a violent felony solely because the defendant personally used a firearm in the commission of that felony, the personal use can support either a firearm enhancement (§ 12022.5, subd. (a)) or a violent-felony gang enhancement (§ 186.22, subd. (b)(1)(C)), but not both.[7] (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509 (*Rodriguez*).) In *Le*, the court extended the rule to serious-felony gang enhancements (subd. (b)(1)(B)). (*Le, supra*, 61 Cal.4th at pp. 425, 429.)

In this case, as in *Le*, defendant was convicted of assault with a semiautomatic firearm (§ 245, subd. (b)) with personal-use (§ 12022.5, subd. (a)) and gang enhancements (subd. (b)(1)). The trial court recognized that under *Rodriguez* and *Le*, it could not enhance defendant's sentence under either subdivision (b)(1)(B) or (b)(1)(C)—but concluded it *could* enhance the sentence under subdivision (b)(1)(A), the gang enhancement for non-serious, nonviolent felonies.

While the People insist the reasoning of *Rodriguez* and *Le* does not extend to subdivision (b)(1)(A) enhancements, this case does not require us to resolve that question. Instead, the issue turns on familiar principles of statutory interpretation and plain language. Applying those principles, we hold that because subdivision (b)(1)(A) unambiguously excludes serious and violent felonies, that enhancement may not be appended to a serious or violent felony.

---

[7]    All undesignated subdivision references are to section 186.22.

### 1. Standard of Review

Subdivision (b)(1)(A)'s application to serious or violent felonies is an issue of "statutory interpretation that we must consider de novo." (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796.) To determine intent, we first examine the statutory language and give the words their ordinary meaning. (*Ibid.*) "If the language is unambiguous, there is no need for further construction." (*People v. Gonzales* (2017) 2 Cal.5th 858, 868.)

We adhere to the plain language of the statute "unless doing so would lead to absurd results the Legislature could not have intended." (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) But even that exception is exceedingly narrow. We cannot "ignore the actual words of the statute in an attempt to vindicate our perception of the Legislature's purpose in enacting the law." (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 993.)

### 2. Plain Meaning

The STEP Act "imposes various punishments on individuals who commit gang-related crimes—including a sentencing enhancement on those who commit felonies 'for the benefit of, at the direction of, or in association with any criminal street gang.' (Pen. Code, § 186.22, subd. (b).)" (*People v. Prunty*, *supra*, 62 Cal.4th at p. 67.) Subdivision (b) provides that any such defendant:

> (b)(1) [e]xcept as provided in paragraphs (4) and (5), … **shall**, upon conviction of that felony, in

6

addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, **be punished as follows**:

(A) **Except as provided in subparagraphs (B) and (C)**, the person shall be punished by an additional term of two, three, or four years at the court's discretion.

(B) **If the felony is a serious felony**, as defined in subdivision (c) of Section 1192.7, the person **shall** be punished by an additional term of five years.

(C) **If the felony is a violent felony**, as defined in subdivision (c) of Section 667.5, the person **shall** be punished by an additional term of 10 years.

(Emphasis added.) Paragraphs (4) and (5) provide that a defendant convicted of certain serious or violent felonies "shall" receive an indeterminate life term with a specified minimum parole eligibility date. (Subds. (b)(4), (b)(5).)

This series of interlocking provisions is the mechanism by which subdivision (b) attaches specific penalties to specific types of crimes—two, three, or four years for a basic felony (subd. (b)(1)(A)); five years for a serious felony (subd. (b)(1)(B)); 10 years for a violent felony (subd. (b)(1)(C)); and a life sentence with a specified minimum parole term for enumerated serious or violent felonies (subds. (b)(4), (b)(5)). Each penalty is mandatory. (*Le*, *supra*, 61 Cal.4th at p. 423 [subdivision (b)(1) enhancements "are mandatory—all three provisions specify that the additional punishment 'shall' be imposed."].) The penalty applicable to a

7

given felony is not a matter of prosecutorial charging discretion or a sentencing choice available to the trial court. In this way, subdivision (b) establishes mutually exclusive "methods for punishing felons whose crimes were committed for the benefit of a criminal street gang." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004 (*Lopez*).)

The statutory language is clear and unambiguous. Accordingly, it requires no interpretation or construction. Subdivision (b)(1) applies to every gang crime except those designated in subdivisions (b)(4) and (b)(5). Subdivision (b)(1)(A) applies to all remaining eligible felonies "[e]xcept as provided in subparagraphs (B) and (C)." Subdivision (b)(1)(B) provides that "a serious felony … shall be punished by an additional term of five years." Subdivision (b)(1)(C), in turn, provides that "a violent felony … shall be punished by an additional term of 10 years." While there is discretion embedded *within* subdivision (b)(1)(A) for felonies falling within that provision, a trial court has no discretion to impose a term under subdivision (b)(1)(A) for a felony that falls under (B) or (C). Here, defendant was convicted of a serious felony.[8] As such, the STEP Act required the court to impose a gang enhancement under subdivision (b)(1)(B)— regardless of whether section 1170.1, subdivision (f), would ultimately limit it. The Act did not authorize the court to impose an enhancement under subdivision (b)(1)(A).

In general, a court exceeds its jurisdiction when it imposes an unauthorized or legally impossible sentence. (*People v. Scott*

---

[8] Defendant's conviction for assault with a semiautomatic firearm (§ 245, subd. (b)) qualified as a serious felony under section 1192.7, subdivisions (c)(8), (c)(23), and (c)(31). The jury found the subdivision (b)(1)(B) allegation true.

(1994) 9 Cal.4th 331, 354 [a sentence is unauthorized if "it could not lawfully be imposed under any circumstance in the particular case."]; see *People v. Soriano* (1992) 4 Cal.App.4th 781, 784–785 [court lacked jurisdiction to sentence defendant for attempting to file a forged instrument where the forgery (a death certificate) was not an instrument].) Here, the People acknowledge that subdivision (b)(1)(A) applies only to non-serious, nonviolent felonies. And they concede that defendant was convicted of a serious felony. Yet they have offered no legal theory under which a court may disregard the statute's plain language—language that explicitly exempts serious, violent crimes from (b)(1)(A)— and impose an enhancement where none is authorized. Nor have the People offered a legal theory under which the court may convert a serious, violent felony into a non-serious, nonviolent one.[9]

"Following the plain language of section 186.22, subdivision (b)(1) does not produce an absurd result; the most that can be said is that it will not increase the defendant's actual custody time in all cases where a gang allegation is found true." (*People v. Johnson* (2003) 109 Cal.App.4th 1230, 1238.) As noted above, subdivision (b)(1)(B) provides that when a gang allegation has been found true, a defendant convicted of a serious felony must serve "an additional term of five years." In many cases, the

---

[9]     Instead, the People observe that unlike a (b)(1)(B) enhancement, the (b)(1)(A) enhancement was not predicated on personal firearm use, and as such, did not violate the multiple-enhancement prohibition of section 1170.1, subdivision (f)—the provision at issue in *Rodriguez* and *Le*. We offer no opinion of that question. Plainly, it is not enough for section 1170.1 to allow the enhancement; the *enhancement itself* must also apply.

application of that enhancement will increase the time a defendant actually spends in custody.  In other cases—such as when the court has already imposed 10 additional years for a firearm enhancement—it will not necessarily do so.

This is not an unreasonable result.  The Legislature knows how to draft statutory exceptions.  Indeed, the firearm enhancement imposed in this case is itself rooted in an exception to the general rule barring such enhancements.  (*Le*, *supra*, 61 Cal.4th at p. 420, fn. 3 ["Generally, a defendant is exempt from a section 12022.5 enhancement if the 'use of a firearm is an element of' the charged offense.  (§ 12022.5, subd. (a).)  But section 12022.5 contains an exception if a defendant commits a section 245 violation using a firearm.  (§ 12022.5, subd. (d).)"].)  That exception, in turn, is circumscribed by section 1170.1's prohibition on multiple firearm enhancements—and both provisions are consistent with section 12022.53.

Section 12022.53 subjects "offenders who personally used … a firearm in committing a gang-related offense" to both a personal-use enhancement *and* a gang enhancement—but that statute only applies to specifically-enumerated serious and violent felonies.  (*People v. Brookfield* (2009) 47 Cal.4th 583, 593–594.)  Section 245 is not among them.  (§ 12022.53, subd. (a).)  If the Legislature wishes to reconsider the limits of any of these provisions, it may do so.  (*People v. Harper* (2003) 109 Cal.App.4th 520, 524 [" 'Courts may not rewrite statutes to supply omitted terms or to conform to an assumed, unexpressed, legislative intent.  [Citation.]  It is, of course, up to the Legislature, and not the courts, to rewrite statutes.' [Citations.]"].)  Until it does, however, it is not absurd for the courts to apply subdivision (b)(1)(A) as written.

### 3.    Statutory Consistency

Principles of statutory consistency and stare decisis also require us to follow the plain language of subdivision (b)(1)(A). (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Although we look first at the words of a statute, we do not consider the statutory language in isolation; rather, we read the statute "as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework."  (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.)  We construe all parts of a statute together, without according undue importance to a single or isolated portion. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228.)  Thus, a " 'word or phrase will be given the same meaning each time it appears in a statute.' "  (*Id*. at p. 255.)  "Significance should be given, if possible, to every word of an act."  (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.)  "Conversely, a construction that renders a word surplusage should be avoided."  (*Id*. at p. 799.)

As we have discussed, subdivision (b) contains a series of interlocking provisions.  The excepting clause in subdivision (b)(1)(A) mirrors the excepting clause in subdivision (b)(1). (Compare subd. (b)(1) [enhancement applies "[e]xcept as provided in paragraphs (4) and (5)"] with subd. (b)(1)(A) [subparagraph applies "[e]xcept as provided in subparagraphs (B) and (C)"].) And our interpretation of subdivision (b)(1)(A) is consistent with the California Supreme Court's interpretation of the parallel language in subdivision (b)(1).  (*Lopez*, *supra*, 34 Cal.4th 1002.)

In *Lopez*, the court addressed whether a gang-related first-degree murder could be enhanced by 10 years as a violent felony under subdivision (b)(l)(C), "or whether such a murder falls within that subdivision's excepting clause and is governed

11

instead by the 15-year minimum parole eligibility term" of subdivision (b)(5). (*Lopez, supra*, 34 Cal.4th at p. 1006.) Because a 15-year minimum eligible parole date would have little practical effect on a defendant who, because of the murder conviction, was already parole-ineligible for 25 years (§ 190, subd. (a)), the government was understandably interested in applying the 10-year subdivision (b)(l)(C) enhancement instead. (*Lopez*, at pp. 1008–1009.)[10] The defendant in *Lopez* argued "that the statutory language is plain and its meaning unmistakable." (*Id.* at p. 1006.) He explained that subdivision (b)(1) authorizes additional punishment " '[e]xcept as provided in paragraphs (4) and (5) … .' " Paragraph (5) applies when the felony is "punishable by imprisonment in the state prison for life." (Subd. (b)(5).) "[F]irst degree murder, which is punishable by 'imprisonment in the state prison for a term of 25 years to life' (§ 190, subd. (a)), is such an offense." (*Lopez*, at p. 1006.)

A unanimous court agreed. The court held, based on the plain language of section 186.22, that where a gang-related felony falls within subdivision (b)(5)'s alternative penalty

---

[10] The minimum eligible parole date (MEPD) is the earliest date on which a life prisoner may legally be released on parole. (§ 3046; Cal. Code Regs., tit. 15, § 2000, subd. (b)(67).) An inmate is entitled to a parole suitability hearing one year before his MEPD. (§ 3041, subd. (a)(2).) While a subdivision (b)(5) enhancement could be a factor tending to show a defendant is unsuitable for parole (Cal. Code Regs., tit. 15, § 2402; *People v. Johnson, supra*, 109 Cal.App.4th at p. 1238), a subdivision (b)(1)(C) enhancement would postpone the inmate's suitability hearing for 10 more years. (§ 669, subd. (a) [term for consecutive, determinate enhancement served first and not credited toward indeterminate MEPD].) That is, subdivision (b)(1)(C) would increase the defendant's sentence to 35 years to life; subdivision (b)(5) would not.

12

provision, the trial court must sentence the defendant under subdivision (b)(5). It cannot impose a (b)(1)(C) enhancement instead. Thus, the excepting clause in subdivision (b)(1) barred the trial court from imposing a gang enhancement—specifically (b)(l)(C)—to maximize the defendant's overall sentence. (*Lopez*, *supra*, 34 Cal.4th at pp. 1004, 1006; accord, *People v. Johnson*, *supra*, 109 Cal.App.4th at pp. 1236–1238; *People v. Harper*, *supra*, 109 Cal.App.4th at p. 525; *People v. Ortiz* (1997) 57 Cal.App.4th 480, 485–486.)

Since *Lopez* construed subdivision (b)(1) in 2005, the Legislature has amended the STEP Act several times. It has never changed the excepting clause in subdivision (b)(1). "When as here ' "a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it." [Citations.] "There is a strong presumption that when the Legislature reenacts a statute which has been judicially construed it adopts the construction placed on the statute by the courts." ' [Citation.]" (*People v. Meloney*, *supra*, 30 Cal.4th at p. 1161.)

## 4. Remedy

### 4.1. We may modify the judgment on appeal.

The typical remedy under *Rodriguez* is to reverse and remand for resentencing. (*Rodriguez*, *supra*, 47 Cal.4th at p. 509.) In *Rodriguez*, however, the trial court had imposed the middle term for the three underlying felonies. Resentencing, therefore, provided the court with "the opportunity … to restructure its sentence by imposing the *upper* terms for the base felonies, if it was inclined to compensate for the loss of one of the

13

enhancements." (*Le, supra*, 61 Cal.4th at p. 428.)  In this case, by contrast, the trial court imposed the maximum possible sentence. As there are no sentencing choices to restructure, it is appropriate for us to modify the sentence on appeal.  (§ 1260 [appellate court's power to modify judgments]; *People v. Rogers* (2009) 46 Cal.4th 1136, 1174.)

We therefore modify the judgment as follows.  The gang enhancement imposed on count 4 under section 186.22, subdivision (b)(1)(A), is modified to an enhancement for subdivision (b)(1)(B).  The subdivision (b)(1)(B) enhancement is stayed.

### 4.2.  The abstract of judgment in case BA369882 must be amended to reflect the modified sentence.

Under California Rules of Court, rule 4.452, when "a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences."  Though the abstract of judgment in case no. BA369882 complies with that rule, it must be amended to reflect the modified judgment in this case.

As discussed above, on February 17, 2016, defendant was sentenced in the current case (no. BA372403) to an aggregate term of 25 years in state prison.  On May 1, 2017, defendant pled no contest in case no. BA369882.  On May 4, 2017, he was sentenced in that case to an aggregate term of 11 years in state prison, to run consecutively to the sentence in this case.  The court imposed concurrent sentences for the remaining counts and enhancements.

14

The abstract of judgment in case no. BA369882 properly includes the sentence imposed in the current case (no. BA372403), which it designates as count 4N. Upon issuance of remittitur, the incomplete sentence for count 4N and the total time imposed on that abstract of judgment must be updated to reflect defendant's modified sentence.[11]

---

[11] We note that the abstract of judgment in case no. BA369882 contains a clerical error for count 5. According to the minute order of May 4, 2017, the court imposed **four** years for count 5—the mid-term of **two** years plus two years for the on-bail enhancement, to run concurrently to the rest of the sentence. The abstract erroneously indicates that the court imposed **six** years for count 5—the mid-term of **four** years plus two years for the on-bail enhancement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."].)

15

## DISPOSITION

The judgment is modified as follows.  The gang enhancement imposed on count 4 under Penal Code section 186.22, subdivision (b)(1)(A), is modified to an enhancement for subdivision (b)(1)(B).  The subdivision (b)(1)(B) enhancement is stayed.  As modified, the judgment is affirmed.

Upon issuance of our remittitur, the trial court is directed to prepare corrected minute orders consistent with the views expressed in this opinion, amend the abstract of judgment in this case and the abstract of judgment in case no. BA369882 to reflect the judgment as modified, and to send certified copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.  The clerk of this court is directed to send a copy of the opinion and remittitur to the Department of Corrections and Rehabilitation.  (Cal. Rules of Court, rule 8.272(d)(2).)

## CERTIFIED FOR PUBLICATION

LAVIN, J.

WE CONCUR:


EDMON, P. J.


DHANIDINA, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.