Filed 4/13/23  P. v. Harper CA4/1
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078886 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. ECR12538 & ECR12540) |
| STEVEN BOYD HARPER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Reversed with directions.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Acting Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Steven Boyd Harper appeals the order denying his petition for resentencing under Penal Code section 1172.6.[1]  He contends the superior court erred by denying the petition without first issuing an order to show cause and holding an evidentiary hearing.  The People concede the error.  We reverse the order and remand the matter for further proceedings.

I.

BACKGROUND

A.    *Murder Conviction*

On May 20, 2000, Harper and other members of his criminal street gang armed themselves and went to the apartment of a drug dealer to rob him.  During the encounter, the drug dealer was shot and killed.  A jury found Harper guilty of felony murder, found true an attached gang enhancement allegation, and found not true an allegation he personally and intentionally discharged a firearm causing death.  On October 12, 2001, the superior court sentenced Harper to prison for 25 years to life for the murder plus a consecutive prison term of 10 years for the gang enhancement.  On appeal, this court modified the judgment by striking the gang enhancement and imposing a 15-year minimum parole eligibility period and affirmed the judgment as modified.  (*People v. Harper* (2003) 109 Cal.App.4th 520, 527-528 (*Harper*).)

B.    *Section 1172.6 Petition*

Effective January 1, 2019, the Legislature changed the felony-murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § l, subd. (f).)  It did so by adding subdivision (e) to

---

[1]    Subsequent undesignated section references are to the Penal Code.

2

section 189: "A participant in the perpetration or attempted perpetration of [a specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.) The Legislature also added section 1170.95 to set out the procedure for providing relief to those convicted of felony murder who could not be convicted under new subdivision (e) of section 189. (Stats. 2018, ch. 1015, § 4.) Section 1170.95 was later renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We shall use the current statute number, even though some of the events relevant to this appeal occurred while former section 1170.95 was in effect.

On January 9, 2019, Harper, proceeding in propria persona, filed a form petition for resentencing under section 1172.6. He checked boxes stating an accusatory pleading had been filed that allowed prosecution under a theory of felony murder; he was convicted of first degree murder under the felony-murder rule; and because of the changes to section 189 that took effect on January 1, 2019, he could not now be convicted of first degree murder. Harper also checked boxes on the form petition stating he was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a major participant in the felony during which the victim was killed and did not act with reckless indifference to human life in the felony.

The superior court appointed counsel for Harper and the parties jointly moved to stay proceedings to await appellate decisions on the

3

constitutionality of section 1172.6. After the stay was lifted, the People filed opposition to Harper's section 1172.6 petition in which they argued, based on facts recited in the opinion deciding the appeal of Harper's codefendant,[2] that Harper was ineligible for relief because he was the actual killer. In reply, Harper argued he had met his burden to state a prima facie case for relief and was entitled to issuance of an order to show cause and an evidentiary hearing, because his allegations had to be accepted as true and the court could not rely on the opinion in the codefendant's appeal to resolve factual issues about whether Harper was the actual killer. The superior court agreed with the People that Harper was the actual killer and denied the petition on October 8, 2020. On the same day, the clerk served copies of the denial order on counsel for the parties via interdepartmental mail.

C.     *Motion for Reconsideration*

On March 25, 2021, Harper's attorney filed a motion for reconsideration of the order denying his petition for resentencing under section 1172.6. The attorney alleged neither she nor Harper had received a copy of the denial order and first learned of the denial on March 8, 2021, after she contacted the superior court by e-mail. Harper again contended the court could not rely on the facts recited in the opinion on his codefendant's appeal and cited the same authority cited in the reply in support of the section 1172.6 petition. No declaration or other document accompanied the motion. The court denied the motion on April 14, 2021, and served the denial order via interdepartmental mail the following day.

---

[2]     *People v. Hooper* (Dec. 30, 2003, D039721) [nonpub. opn.]. The opinion in Harper's appeal contained no statement of facts because "Harper raise[d] no factual issues." (*Harper*, *supra*, 109 Cal.App.4th at p. 523, fn. 2.)

D.    *Appeal*

On April 30, 2021, Harper filed a form notice of appeal in which he identified the subject of the appeal as the April 14, 2021 order denying the motion to reconsider the order denying the section 1172.6 petition.  We dismissed the appeal as having been taken from a nonappealable order. (*People v. Harper* (Apr. 28, 2022, D078886) [nonpub. opn.].)  In an original habeas corpus proceeding, the Supreme Court of California granted Harper's "request for constructive filing of his late notice of appeal from the denial of his resentencing petition" and "remanded" the matter to this court "to consider the merits of [his] appeal as though a timely notice of appeal had been filed in the first instance."  (*In re Harper*, S275071, Supreme Ct. Mins., Mar. 15, 2023.)  We recalled the remittitur and vacated the prior opinion dismissing the appeal.  We now proceed to the merits.

## II.

## DISCUSSION

Harper contends the superior court prejudicially erred by denying his section 1172.6 petition at the prima facie review stage based on facts recited in the opinion deciding his codefendant's appeal, because a court presented with such a petition may not resolve factual issues without first issuing an order to show cause and holding an evidentiary hearing.  The People agree reversal and remand for further proceedings are required, because the record of conviction does not conclusively establish Harper's ineligibility for relief. The parties are correct.  Given the jury's finding of not true on the allegation Harper had personally and intentionally discharged a firearm causing death and Harper's allegation in the resentencing petition that he was not the actual killer, the superior court could not rely on statements in the opinion deciding the codefendant's appeal to conclude Harper was the actual killer

5

and to deny the petition on that basis.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 [court must accept petitioner's allegations as true and may not determine credibility or find facts at prima facie review stage]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 98, 103-104 [petitioner convicted of felony murder was entitled to issuance of order to show cause and evidentiary hearing when jury found allegation he personally used firearm in murder not true].)  The court instead was required to issue an order to show cause and to hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d); *Ervin*, at p. 104.)

III.

DISPOSITION

The order denying the resentencing petition is reversed, and the matter is remanded to the superior court with directions to issue an order to show cause and to hold an evidentiary hearing.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.