Filed 5/5/23  P. v. Bailey CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE BAILEY,<br><br>    Defendant and Appellant. | B317110<br><br>(Los Angeles County<br>Super. Ct. No. BA218152) |

APPEAL from an order of the Superior Court of Los Angeles County, deemed a petition for a writ of habeas corpus. Eleanor J. Hunter, Judge.  Modified and remanded with directions.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Lawrence Bailey purports to appeal the superior court's nonappealable order denying his motion to vacate and correct an unauthorized sentence under Penal Code[1] section 186.22, former subdivision (b)(4) (now subd. (b)(5)). Treating the appeal as a petition for a writ of habeas corpus, we modify the gang enhancement portion of Bailey's sentence in accordance with *People v. Lopez* (2005) 34 Cal.4th 1002 (*Lopez*) to strike the three-year gang enhancement imposed under section 186.22, former subdivision (b)(1), and impose in its place a 15-year minimum parole eligibility term pursuant to former subdivision (b)(4). This modification will have no effect on Bailey's overall sentence of 50 years to life.

In 2002, a jury convicted Bailey and his codefendant Judge Roberts of one count of first degree murder (§ 187, subd. (a)) in the 1999 shooting death of Patrick Fulton. (*People v. Bailey et al.* (Nov. 12, 2003, B159578) [nonpub. opn.] (*Bailey I*).)[2] The jury found true the allegations that defendants each personally and intentionally used and discharged a firearm causing death (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1), 12022.53, subds. (b), (c), (d), & (e)(1)), and that they committed the murder for the benefit of a criminal street gang, with the specific intent to

---

[1] Undesignated statutory references are to the Penal Code.

[2] We have taken judicial notice of our prior opinion affirming the judgment as well as the record in Bailey's direct appeal in case No. B159578, from which we summarize the background of the case. We have also taken judicial notice of our opinion and the appellate record in Bailey's appeal from the denial of his petition for resentencing under section 1172.6 in case No. B311188. (See *People v. Bailey et al.* (Oct. 25, 2021, B311188) [nonpub. opn.] (*Bailey II*).)

promote, further, and assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)).

The trial court sentenced each defendant to state prison for a term of 60 years to life, consisting of 25 years to life for the murder, 25 years to life for the firearm enhancement pursuant to section 12022.53, subdivision (d), and a term of 10 years for the gang enhancement. (*Bailey I*, *supra*, B159578.)

This court affirmed defendants' convictions on direct appeal in 2003, but modified the gang enhancement to reflect the three-year term in effect at the time of the offense, rather than the 10-year term imposed by the trial court. (*Bailey I*, *supra*, B159578.)

Thereafter, on February 1, 2021, Bailey filed a petition for resentencing pursuant to section 1172.6. The superior court summarily denied the petition on February 4, 2021, ruling that Bailey's conviction of first degree murder on a theory of express malice or specific intent to kill along with the jury's true finding on the personal firearm use allegation made Bailey ineligible for relief as a matter of law.

Bailey appealed. While that appeal was pending, Bailey filed a motion in the superior court to correct an unlawful sentence on the gang enhancement pursuant to *Lopez, supra*, 34 Cal.4th 1002. After this court affirmed the denial of Bailey's section 1172.6 petition (*Bailey II*, *supra*, B311188), the superior court denied the motion to correct the sentence on the ground that Bailey's "judgment is final, and the court lacks jurisdiction to correct any alleged unlawful sentence on its own." This appeal followed.

## DISCUSSION

In this appeal, Bailey contends—contrary to our decision in *People v. King* (2022) 77 Cal.App.5th 629 (*King*)—that the superior court had jurisdiction to correct the unauthorized sentence on the gang enhancement. Should we conclude otherwise, he asks this court to treat the appeal as a petition for a writ of habeas corpus and modify his sentence. Respondent asserts the appeal should be dismissed under *King* because the superior court lacked jurisdiction to consider Bailey's motion below, and the request to treat the appeal as a habeas petition should be denied as untimely.

We agree that because the superior court had no jurisdiction to vacate or modify Bailey's sentence, the order denying Bailey's motion to correct an unauthorized sentence is not appealable. (See *King*, *supra*, 77 Cal.App.5th at p. 634.) However, exercising our discretion to treat the appeal as a petition for a writ of habeas corpus and addressing the merits of Bailey's claim, we conclude that modification of the sentence is required to strike the three-year gang enhancement and impose in its place a 15-year minimum parole eligibility term under section 186.22, former subdivision (b)(4) (now subd. (b)(5)).[3] (See

---

[3] At the time of Bailey's offense in 1999, section 186.22, former subdivision (b)(4) provided in relevant part: "Any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." By amendment adopted by the voters effective March 8, 2000, the language describing the 15-year minimum parole eligibility period was moved to section 186.22, subdivision (b),

4

*Lopez, supra*, 34 Cal.4th at p. 1004; *People v. Arauz* (2012) 210 Cal.App.4th 1394, 1405 [modifying judgment to strike 10-year gang enhancements "and impose, in their place, 15-year minimum parole eligibility terms"]; *People v. Ramos* (2004) 121 Cal.App.4th 1194, 1209 ["as to count 1, the term should have been life with the possibility of parole with a minimum term of 15 years before parole eligibility"].)

    1. *The superior court's order denying Bailey's motion to correct an unauthorized sentence is not appealable.*

    Bailey filed his motion to correct an unlawful sentence nearly 20 years after he had begun serving it. As we observed in *King*, "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*King, supra*, 77 Cal.App.5th at p. 634.)

    Arguing that *King* was wrongly decided, Bailey relies on the formulation of the "unauthorized sentence rule" that we

---

paragraph (5). (§ 186.22, subds. (b)(4) & (b)(5).) Subdivision (b)(1) was also amended to prescribe specific enhancement terms: "(A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

rejected in *King* to contend that the superior court had jurisdiction to correct Bailey's unlawful sentence. But as our Supreme Court explained in *In re G.C.* (2020) 8 Cal.5th 1119, 1129 (*G.C.*), "the 'unauthorized sentence' rule is an exception to the waiver doctrine, not to the requirement that a court must have jurisdiction before it may act." (*King, supra,* 77 Cal.App.5th at p. 635; see also *People v. Scott* (1994) 9 Cal.4th 331, 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"]; *People v. Hester* (2000) 22 Cal.4th 290, 295 [the rule permits defendants to "challenge an unauthorized sentence on appeal even if they failed to object below"].) "Thus, under the unauthorized sentence rule, a party does not forfeit the right to argue that a sentence is unlawful by failing to object in the trial court," but the rule does not confer jurisdiction where none already exists. (*King,* at p. 635.) In other words, while the finality of a conviction or affirmance of the judgment on appeal will not stand as a bar to challenging an unlawful sentence, in order to invoke the unauthorized sentence rule, "the court must [first] have jurisdiction over the judgment." (*G.C.,* at p. 1130; *King,* at p. 635.)

To follow Bailey's interpretation of the unauthorized sentence rule to its logical conclusion would effectively nullify any jurisdictional limits on a trial court's authority to modify a sentence already in execution. As we explained in *King,* "if the fact that a sentence is unauthorized itself created jurisdiction in the trial court to change the sentence, a defendant could establish jurisdiction any time simply by filing a motion alleging an unauthorized sentence." (*King, supra,* 77 Cal.App.5th at pp. 639–

6

640; see *People v. Chavez* (2018) 4 Cal.5th 771, 787 [a defendant cannot "revive lapsed jurisdiction by his own unilateral act"].)  As we observed in *King*, "a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief.  A motion is not an independent remedy, but must be attached to some ongoing action."  (*King*, at p. 640.)

Here, the superior court lacked jurisdiction to address Bailey's freestanding motion to correct his unauthorized sentence.  Likewise, this court has no jurisdiction to entertain an appeal from the superior court's order denying the motion.

2.  *Under certain unusual circumstances, an appellate court may exercise its discretion to treat an appeal as a petition for a writ of habeas corpus.*

As an alternative to dismissing the appeal, Bailey requests that we treat the appeal as a petition for a writ of habeas corpus and address the merits of his claim.  (See *King, supra*, 77 Cal.App.5th at p. 640 ["defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus"].)  Respondent contends we should decline the request because Bailey failed to show good cause for his 18-year delay in seeking to correct his sentence.

In unusual circumstances and in the interest of judicial economy, an appellate court has discretion to treat an appeal from a trial court's nonappealable order as a petition for a writ of habeas corpus.  (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating defendant's appeal from a nonappealable order as a petition for a writ of habeas corpus "in the interest of judicial economy"]; *People v. Richardson* (2021) 65 Cal.App.5th 360, 374–375 [treating appeal as a habeas petition]; *H. D. Arnaiz, Ltd. v.*

7

*County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367 [appellate court's discretion to treat appeal as habeas petition "should be exercised only in unusual circumstances"].)

Here, such unusual circumstances exist.

Among other arguments in the direct appeal, Bailey contended—as he does here—that the trial court erred in imposing the gang enhancement pursuant to section 186.22, former subdivision (b)(1) on the ground that if the underlying felony is punishable by life imprisonment (as defendants' first degree murder convictions were), the court *must* impose an extended minimum parole eligibility period of 15 years pursuant to section 186.22, former subdivision (b)(4), and no additional determinate term may be imposed for the gang enhancement. (*Bailey I*, *supra*, B159578; see *People v. Ortiz* (1997) 57 Cal.App.4th 480, 485–486 (*Ortiz*).)

This court rejected the argument. Relying on *People v. Herrera* (2001) 88 Cal.App.4th 1353, 1364, this court reasoned that the 15-year minimum term for parole eligibility under section 186.22, former subdivision (b)(4) (now subd. (b)(5)) "is inherently inconsistent with a sentence of 25 years to life." (*Bailey I*, *supra*, B159578; § 190, subd. (a) ["Every person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life"].)

Just over a year after this court decided *Bailey I*, our Supreme Court issued its decision in *Lopez*, in which the high court considered the exact gang enhancement issue this court had decided in Bailey's direct appeal. *Lopez*, however, reached the opposite conclusion: "Penal Code section 186.22, subdivision (b)

8

establishes alternative methods for punishing felons whose crimes were committed for the benefit of a criminal street gang. Section 186.22, subdivision (b)(1)(C) (section 186.22(b)(1)(C)) imposes a 10-year enhancement when such a defendant commits a violent felony. Section 186.22(b)(1)(C) does not apply, however, where the violent felony is 'punishable by imprisonment in the state prison for life.' (Pen. Code, § 186.22, subd. (b)(5).) Instead, section 186.22, subdivision (b)(5) . . . applies and imposes a minimum term of 15 years before the defendant may be considered for parole." (*Lopez*, *supra*, 34 Cal.4th at pp. 1004, 1011.)

Respondent contends Bailey's request to treat the appeal as a habeas petition is untimely and should be denied. However, respondent's argument depends on the assumption that during his incarceration after this court's decision rejecting his gang enhancement argument on appeal, Bailey had the ability and the obligation to keep up with California Supreme Court jurisprudence and bring a habeas petition on any issue that arose pertaining to his sentence—without the benefit of counsel. We will not indulge respondent's assumption in this case. Moreover, a routine dismissal of Bailey's appeal and refusal to treat the appeal as a habeas petition for untimeliness would effectively deprive Bailey of any means to correct what appears under *Lopez* to be an unauthorized sentence. (See *People v. Scott*, *supra*, 9 Cal.4th at p. 354 ["The 'unauthorized sentence' principle also has been invoked to determine whether claims previously rejected or never raised are procedurally barred on habeas corpus"].)

In light of these circumstances, and in the interest of avoiding further delay and conserving judicial resources, we will

exercise our discretion to treat the instant appeal as a petition for a writ of habeas corpus.

3.  *Under the California Supreme Court's decision in* Lopez, *Bailey's sentence is unauthorized.*

*Lopez* established that "where a gang-related felony falls within [section 186.22,] subdivision (b)(5)'s alternative penalty provision, the trial court must sentence the defendant under subdivision (b)(5).  It cannot impose a (b)(1)(C) enhancement instead." (*People v. Francis* (2017) 16 Cal.App.5th 876, 886 (*Francis*), citing *Lopez, supra,* 34 Cal.4th at pp. 1004, 1006.) *Lopez*'s holding that a first degree murder committed for the benefit of a gang is governed exclusively by subdivision (b)(5) (former subdivision (b)(4)) of section 186.22 thus bars the imposition of any determinate term under section 186.22, subdivision (b)(1). (*Lopez,* at pp. 1004, 1006; *Francis,* at p. 886; accord, *People v. Johnson* (2003) 109 Cal.App.4th 1230, 1236– 1238; *People v. Harper* (2003) 109 Cal.App.4th 520, 525; *Ortiz, supra,* 57 Cal.App.4th at pp. 485–486.)

The fact that *Lopez* involved the post-2000 version of section 186.22 after the statute was rewritten by Proposition 21, while this case concerns the 1999 version of the statute, is immaterial to the application of *Lopez* to this case.  Because Bailey was sentenced to 25 years to life on his conviction for first degree murder (*Bailey I, supra,* B159578), both the trial court's original imposition of the 10-year gang enhancement under subdivision (b)(1)(C) and this court's modification of the enhancement to three years under former subdivision (b)(1) constituted the imposition of an unauthorized sentence.

4. Lopez *applies retroactively and requires modification of Bailey's sentence.*

Ordinarily, "[a] writ of habeas corpus will not issue for a claim that was raised and rejected on appeal." (*In re Martinez* (2017) 3 Cal.5th 1216, 1222; see *In re Waltreus* (1965) 62 Cal.2d 218, 225.) However, an exception to this rule "applies 'when there has been a change in the law affecting the petitioner.' [Citation.] To trigger this exception, the change in the law must have retroactive effect. We have said that a change in the criminal law will be given retroactive effect when a rule is substantive rather than procedural (i.e., it alters the range of conduct or the class of persons that the law punishes, or it modifies the elements of the offense) or when a judicial decision undertakes to vindicate the original meaning of the statute." (*In re Martinez*, at p. 1222; *Woosley v. State of California* (1992) 3 Cal.4th 758, 794 [" 'Whenever a decision undertakes to vindicate the original meaning of an enactment, putting into effect the policy intended from its inception, retroactive application is essential to accomplish that aim' "].)

The *Lopez* court's examination of the enhancement provisions of section 186.22 and its analysis of the statutory language plainly constitute a vindication of the statute's original meaning. Moreover, as one court has observed, since *Lopez* interpreted section 186.22, subdivisions (b)(1) and (b)(5) (former subd. (b)(4)) in 2005, the Legislature has never changed the alternative penalty provision in subdivision (b)(5) (former subd. (b)(4)), despite multiple amendments to the statute. (*Francis, supra,* 16 Cal.App.5th at pp. 886–887.) "[W]hen as here ' "a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be

11

presumed that the Legislature is aware of the judicial construction and approves of it." [Citations.] "There is a strong presumption that when the Legislature reenacts a statute which has been judicially construed it adopts the construction placed on the statute by the courts." ' " (*People v. Meloney* (2003) 30 Cal.4th 1145, 1161; see also *People v. Franco* (2009) 180 Cal.App.4th 713, 724.)

With the retroactive application of *Lopez* to the instant case, the gang enhancement portion of Bailey's sentence is modified to strike the three-year gang enhancement imposed under section 186.22, former subdivision (b)(1), and impose in its place a 15-year minimum parole eligibility term pursuant to former subdivision (b)(4). This modification does not affect Bailey's overall sentence of 50 years to life, consisting of 25 years to life for first degree murder, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d).[4]

---

[4] *Lopez* recognized that its construction of section 186.22, subdivision (b)(5) (former subd. (b)(4)), imposing a minimum parole eligibility term of 15 years, would have no practical effect for first degree murderers, who must serve a minimum of 25 years before becoming eligible for parole. (§ 190, subds. (a), (e); *Lopez, supra*, 34 Cal.4th at p. 1009.) "[T]he greater penalty set forth in section 190—i.e., 25 years to life—is the proper punishment for [a] defendant's first degree murder conviction. The true finding under section 186.22(b)(5), which provides for a lower minimum term, 'is a factor that may be considered by the Board of Prison Terms when determining a defendant's release date, even if it does not extend the minimum parole date per se.' " (*Lopez*, at p. 1009; § 190, subds. (a), (e).)

## DISPOSITION

Bailey's sentence is modified as follows:  The three-year gang enhancement imposed under Penal Code section 186.22, former subdivision (b)(1) is stricken, and in its place the 15-year parole eligibility term under Penal Code section 186.22, subdivision (b)(5) (former subd. (b)(4)) is imposed.  Bailey's overall sentence is modified to 50 years to life, consisting of 25 years to life for first degree murder, plus 25 years to life for the firearm enhancement under Penal Code section 12022.53, subdivision (d).  The matter is remanded and the trial court is directed to amend the abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

                                                                        LUI, P. J.

We concur:


ASHMANN-GERST, J.



CHAVEZ, J.