Filed 9/25/20  P. v. Mack CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN MARCUS MACK,<br><br>Defendant and Appellant. | C090694<br><br>(Super. Ct. No. 18FE012982) |

Defendant Jonathan Marcus Mack timely appeals the judgment following a jury's determination that he committed reckless evasion of a pursuing peace officer while driving in the opposite direction of traffic (Veh. Code, § 2800.4; count one) and reckless evasion of a peace officer with a willful, wanton disregard for public safety (Veh. Code, § 2800.2, subd. (a); count two).  In a bifurcated proceeding, the court found true the special allegations that he had suffered a prior strike (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and had served two prior prison terms (§ 667.5, subd. (b)).  Defendant asks that we strike the two prior prison term enhancements imposed pursuant to section 667.5,

---

[1]     Undesignated statutory references are to the Penal Code.

subdivision (b) in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136). The People concur, but ask that we remand the matter for resentencing since the trial court did not impose the maximum term.

On October 8, 2019, the Governor signed Senate Bill 136, which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). This bill narrowed the eligibility for the one-year prison prior enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. (§ 667.5, subd. (b).)

We agree with the parties that Senate Bill 136's amendment should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of the court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct,[2] an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 that, " 'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara*, at p. 308.) Conversely, the *Estrada* rule " 'is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of an express savings clause or its equivalent.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 185, italics omitted.)

Here, Senate Bill 136 narrowed the class of offenders eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many

---

[2]    "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. (*People v. Francis* (1969) 71 Cal.2d 66, 75-78.)" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

individuals, including defendant, who served prior prison sentences for nonsexually violent offenses.  There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final.  Under these circumstances, we find that *Estrada*'s inference of retroactive application applies.  (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to § 12022.6, subds. (a) & (b) enhancements].)  Accordingly, we will amend the judgment to strike defendant's two one-year prior prison term enhancements.

Because the trial court imposed the midterm at sentencing, it is appropriate to remand this matter for resentencing to allow the trial court to revisit its sentencing choices in light of the changed circumstances.  (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [remanding for resentencing following striking of enhancements in light of Senate Bill 136]; *People v. Francis* (2017) 16 Cal.App.5th 876, 887 [remand unnecessary where court could not alter sentence to compensate for the loss of enhancements].)

DISPOSITION

We modify the judgment to strike defendant's two one-year prior prison term enhancements.  The matter is remanded to the superior court for resentencing.  The judgment is otherwise affirmed.

                                                    KRAUSE            , J.


We concur:

        HOCH            , Acting P. J.



        RENNER        , J.

3