Filed 11/13/20  P. v. Samaro CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090149 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF187391) |
| v. | |
| ARTHUR SAMARO, | |
| Defendant and Appellant. | |

Defendant Arthur Samaro appeals the sentence imposed following his conviction for evading a peace officer with a prior prison term enhancement.  He contends, and the People properly concede, the one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b) (667.5(b); statutory section references that follow are to the Penal Code, unless otherwise set forth) must be stricken because of recently adopted legislation.  We agree and remand for resentencing.

FACTS AND PROCEDURAL HISTORY

The facts underlying defendant's conviction are not relevant to this appeal.  It suffices to say that a jury convicted defendant of evading a peace officer (Veh. Code, § 2800.2), driving under the influence (Veh. Code, § 23152, subd. (a)), driving with a

1

blood-alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)), and resisting or obstructing a peace officer (§ 148, subd. (a)(1)), as well as two speeding enhancements (Veh. Code, § 23582, subd. (a)).  In a bifurcated proceeding, the court found the allegations of a prior prison commitment and a prior serious felony conviction to be true.  The court sentenced defendant to five years in state prison, comprised of the midterm of two years for evading a peace officer with reckless driving, doubled to four years pursuant to section 667, subdivision (e)(2), plus an additional consecutive year for the prior prison commitment pursuant to section 667.5(b).  The court also sentenced defendant to 30 days in county jail for each of the misdemeanor convictions, and 180 days in county jail for a postrelease community supervision violation in a separate case, all to be served concurrently to the five-year term.

## DISCUSSION

Defendant contends the one-year prior prison term enhancement imposed pursuant to section 667.5(b) must be stricken due to the amendment to section 667.5(b) by Senate Bill No. 136 effective January 1, 2020 (2019-2020 Reg. Sess.) (Senate Bill 136).  The People concede the issue.  We agree and remand.

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill 136 amends section 667.5(b) to eliminate the one-year prior prison term enhancement for most prior convictions.  (Stats. 2019, ch. 590, § 1.)

An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because Senate Bill 136 became effective before defendant's judgment became final, we agree with the parties that the amended law applies to him retroactively.  (See *In*

*re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when statute takes effect].)

Accordingly, defendant's section 667.5(b) enhancement must be stricken. Because the trial court imposed the midterm at sentencing, it is appropriate to remand this matter for resentencing to allow the trial court to revisit its sentencing choices in light of the changed circumstances. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [remanding for resentencing following striking of enhancements in light of Senate Bill 136]; *People v. Francis* (2017) 16 Cal.App.5th 876, 887 [remand unnecessary where court could not alter sentence to compensate for the loss of enhancements].)

DISPOSITION

We modify the judgment to strike defendant's one-year prior prison term enhancement. The matter is remanded to the superior court for resentencing. The judgment is otherwise affirmed.

                                               _____

                                               HULL, J.

We concur:

_____

RAYE, P. J.

_____

MAURO, J.

3