Filed 4/1/21  P. v. Xaysana CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090946 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF04867) |
| v. | |
| BARRY XAYSANA, | |
| Defendant and Appellant. | |

In an open plea,[1] defendant Barry Xaysana pleaded no contest to taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and admitted to a prior vehicle theft allegation (Pen. Code, § 666.5, subd. (a)),[2] as well as two prior prison term allegations (§ 667.5, subd. (b)).  The prior prison term allegations were based on defendant's

---

[1]     An open plea is one under which the defendant is made no promises about the nature or duration of his sentence.  (*People v. Williams* (1998) 17 Cal.4th 148, 156.)

[2]     Undesignated statutory references are to the Penal Code.

violations of section 29800, subdivision (a)(1), and Vehicle Code sections 10851 and 2800.2. In exchange for defendant's plea, the court granted the prosecution's motion to dismiss charges for receiving a stolen vehicle (§ 496d, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)), plus allegations of three additional prior prison terms. The court sentenced defendant to six years in prison, comprised of the upper term of four years for taking a vehicle, plus one year each for the two prior prison term allegations.

Defendant appeals, contending that we should strike the two one-year prior prison term enhancements in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which amended section 667.5, subdivision (b) by limiting the offenses that qualify for the enhancement. The People concede the amendment applies retroactively to defendant, and we agree.

The parties also initially agreed on the remedy, viz., to strike the enhancements and affirm the judgment as modified. However, after the People filed their responsive brief, our Supreme Court issued its opinion in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), which addressed the proper remedy where the parties entered into a negotiated (stipulated) plea and the defendant sought the retroactive benefit of a different law, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393). Following *Stamps*, the Courts of Appeal have issued diverging opinions on the appropriate remedy when the parties enter into a negotiated plea, stipulating to a specified sentence as part of their plea deal, and the defendant later seeks to strike prior prison enhancements under Senate Bill 136. (E.g., *People v. France* (2020) 58 Cal.App.5th 714, review granted Feb. 24, 2021, S266771; *People v. Joaquin* (2020) 58 Cal.App.5th 173, review granted Feb. 24, 2021, S266594; *People v. Griffin* (2020) 57 Cal.App.5th 1088, review granted Feb. 17, 2021, S266521; *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted Jan. 27, 2021, S265739; *People v. Barton* (2020) 52 Cal.App.5th 1145.)

In light of the evolving case law, we requested supplemental briefing on the question of the proper remedy in this case. Specifically, we asked whether striking the

prior prison term enhancements while maintaining the remainder of the plea bargain deprived the prosecution of the benefit of its bargain, such that the People must be afforded an opportunity to (1) assent to the reduced sentence, (2) withdraw from the open plea agreement and revive one or more of the dismissed counts or enhancements in order to reach a new plea agreement, or (3) withdraw and take the matter to trial. We further asked, if the People must be given the opportunity to withdraw from the plea agreement in light of the unauthorized sentence, and the People elect to do so, does California's Constitution prohibit the imposition of a more severe punishment on resentencing?

Having received the parties' supplemental briefs, we conclude that *Stamps* does not govern here, where the parties entered into an open plea, rather than agreeing to a stipulated sentence. Accordingly, the proper remedy is to strike defendant's prior prison term enhancements and affirm the judgment as modified.

DISCUSSION

*Senate Bill 136 (2019-2020 Reg. Sess.) applies retroactively to this case*

On October 8, 2019, the Governor signed Senate Bill 136, which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). This bill narrowed the eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. (§ 667.5, subd. (b).)

We agree with the parties that Senate Bill 136's amendment should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of the court is to determine the intent of the Legislature"], superseded on other grounds as stated in *In re M.S.* (2019) 32 Cal.App.5th 1177, 1191.) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However,

3

where the Legislature has reduced punishment for criminal conduct,[3] an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 that, " 'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara, supra*, at p. 308.) Conversely, the *Estrada* rule " 'is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of an express saving clause or its equivalent.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 185, italics omitted.)

Here, Senate Bill 136 (2019-2020 Reg. Sess.) narrowed the class of offenders eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant, who served prior prison sentences for nonsexually violent offenses. There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we find that *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to § 12022.6, subds. (a) & (b) enhancements].) Accordingly, we will amend the judgment to strike defendant's two one-year prior prison term enhancements.

*The proper remedy*

The People argue in their supplemental brief that striking the prior conviction enhancements would alter the material terms of the plea agreement, thus denying the People the benefit of the bargain. Citing *Stamps*, they contend the trial court cannot unilaterally modify the terms of the plea agreement without giving the People the opportunity to withdraw from the agreement entirely. As a result, they contend we must remand to the trial court to allow the People to withdraw the plea agreement if they so

---

[3] "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. (*People v. Francis* (1969) 71 Cal.2d 66, 75-78.)" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

choose, and revive any dismissed counts. In response, defendant argues that striking the sentencing enhancements does not deprive the People of the benefit of the bargain because, here, the parties entered into an open plea agreement without a specified prison term. Defendant distinguishes *Stamps* on this point, noting it expressly dealt with a plea agreement for a "specific prison term." (*Stamps, supra*, 9 Cal.5th at p. 700.) Thus, defendant urges us to simply strike the enhancements and affirm the modified judgment. We think defendant has the better argument because the prior prison terms in *Stamps* were part of a negotiated, rather than an open, plea.

In *Stamps*, the parties entered into a negotiated plea with a specified prison term, which included a prior serious felony enhancement. (§ 667, subd. (a).) (*Stamps, supra*, 9 Cal.5th at p. 693.) After the defendant entered his plea, the Legislature passed Senate Bill 1393 (2017-2018 Reg. Sess.), which granted the trial court discretion to strike the prior serious felony enhancement in the furtherance of justice. (*Stamps*, at p. 692.) The defendant appealed, seeking remand to allow the trial court to strike the enhancements from the agreed-upon sentence in its discretion, but otherwise keep the plea bargain intact. (*Id*. at p. 700.) *Stamps* found that Senate Bill 1393 applied retroactively but rejected defendant's argument that, on remand, the trial court could dismiss the five-year prior serious felony enhancement "while otherwise maintaining the plea agreement intact." (*Stamps*, at pp. 693-699, 700.) *Stamps* held that the proper remedy was remand to allow the defendant, if he still wanted to pursue such relief, to ask the trial court to strike the enhancement. If the trial court elected to strike the enhancement, the People would be entitled to withdraw from the agreement and, if desired, reinstate the dismissed charges, or the trial court could withdraw its prior approval of the plea. (*Id.* at pp. 705-709.)

The key inquiry driving the analysis in *Stamps* was whether the Legislature "intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385." (*Stamps, supra*, 9 Cal.5th at p. 701.) To answer this question, the court reviewed well-established law, which addressed this issue in the context of negotiated pleas. First, the court discussed

section 1192.5, which applies only to negotiated pleas and provides that " 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Stamps*, at p. 704; *People v. Hoffard* (1995) 10 Cal.4th 1170, 1181 )  The court concluded that "[n]othing in the language and legislative history of Senate Bill 1393 suggests an intent to modify section 1192.5's mandate." (*Stamps*, at p. 704.)

The *Stamps* court also relied upon *People v. Cunningham* (1996) 49 Cal.App.4th 1044. (*Stamps, supra*, 9 Cal.5th at pp. 700-701.)  In *Cunningham*, the parties entered into a stipulated plea for a 32-month sentence, and the defendant sought remand for the court to consider retroactively striking his prior strike conviction under section 1385 pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530. (*Stamps*, at pp. 700-701.)  The Court of Appeal declined to remand for a sentence that contravened the plea bargain, stating that there was no authority allowing the trial court to " 'breach the bargain by striking the prior to impose less than the 32 months agreed upon.' " (*Stamps*, at p. 701.)  *Stamps* cited *Cunningham* for the proposition that, " ' "[o]nce the court has accepted the terms of a negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' " (*Stamps*, at p. 701.)

Finally, while recognizing that the Legislature *could* authorize courts to modify or invalidate the terms of a negotiated plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps, supra*, 9 Cal.5th at pp. 702-704.)

The *Stamps* court also found relevant the concept of the plea bargain, through which the parties bargain for a reciprocal benefit and ultimately reach a negotiated agreement. (*Stamps, supra*, 9 Cal.5th at p. 705.)  Again, the court's analysis relied upon the stipulated nature of the sentence, as the court stated that " 'Senate Bill No. 1393 does not entitle defendants who *negotiated stipulated sentences* to "whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' " (*Stamps*, at p. 706, italics added.)

In sum, *Stamps* concluded that courts cannot unilaterally modify a specific, agreed-upon term of a plea agreement, which would fundamentally alter the terms of the

6

agreement, depriving the People of the benefit of their bargain and giving the defendant a " 'bounty in excess of that to which he is entitled.' " (*Stamps, supra*, 9 Cal.5th at p. 703.) These concerns, and thus the analysis driving *Stamps*, are absent in the context of an open plea.

Here, the parties left the matter of probation and sentencing to the sole discretion of the trial judge. Although they agreed to a maximum sentence of six years, the trial court had an array of sentencing options. It could have found this case presented unusual circumstances and granted defendant probation under section 1203, subdivision (e). It could have sentenced defendant to the lower term of two years or the midterm of three years for his violation of Vehicle Code section 10851, subdivision (a). (§ 666.5.) And, crucially here, the trial court could have exercised its discretion to dismiss defendant's prison priors in the interests of justice under section 1385. (*People v. Thomas* (1992) 4 Cal.4th 206, 209-210 ["the power to dismiss an 'action' under section 1385 includes the power to dismiss or strike an enhancement"].)

The trial court instead sentenced defendant to the maximum term of four years for his violation of Vehicle Code section 10851, plus one year each for two prior prison terms. Accordingly, striking the prison priors and leaving the plea deal intact will still result in a four-year prison term. (See *People v. Francis* (2017) 16 Cal.App.5th 876, 887 [remand unnecessary where court imposed the maximum possible sentence and could not alter sentence to compensate for the loss of enhancements]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [remanding for resentencing following striking of enhancements in light of Senate Bill 136].)

We conclude that striking the enhancements in this case does not require us to remand the matter to afford the People an opportunity to assent to the reduced sentence or withdraw from the open plea. As discussed, the parties' agreement specifically contemplated that the trial court might strike the prior prison term enhancements, and even contemplated that defendant might receive no prison time at all. Consequently, striking the prior prison term enhancements leaves the material terms of the plea deal intact, because it still results in a four-year prison term for defendant, which is still within

7

the metes and bounds of the original agreement.  (See *Stamps, supra*, 9 Cal.5th at p. 701 [" ' "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence *within the limits of that bargain*," ' " italics added].)  Similarly, striking the prison priors will not deprive the People of any reciprocal benefits for which they bargained, as again, defendant's sentence still falls within the limits of their bargain.

As we conclude that the plea deal remains intact and resentencing is unnecessary, we need not address whether California's Constitution prohibits the imposition of more severe punishment on resentencing.

## DISPOSITION

The judgment is modified to strike the two one-year prior prison term enhancements.  (§ 667.5, subd. (b).)  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


                                                                \_\_\_\_\_KRAUSE\_\_\_\_\_, J.


We concur:


\_\_\_\_\_BLEASE\_\_\_\_\_, Acting P. J.


\_\_\_\_\_HOCH\_\_\_\_\_, J.


8