Filed 7/14/25  P. v. Gonzalez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANDRES GONZALEZ, Defendant and Appellant. | 2d Crim. No. B337531 (Super. Ct. No. LA080066) (Los Angeles County) |

Andres Gonzalez appeals from the sentence imposed after our order to show cause returnable to the superior court remanded the matter for resentencing.  He contends the trial court erred when it declined to consider whether a gang enhancement should be stricken based on recently-enacted amendments to Penal Code section 186.22, the gang enhancement statue.[1] He further contends the resulting abstract of judgment erroneously imposes a court security fee that the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

trial court orally ordered stayed. Respondent correctly concedes both contentions. We remand the matter for resentencing in light of the amended section 186.22 and for correction of the abstract of judgment.

*Facts and Procedural History*

In 2016, appellant was convicted, by jury, of shooting at an inhabited dwelling (§ 246) and assault with a firearm. (§ 245, subd. (a)(2).) The jury further found true a gang enhancement (§ 186.22, subds. (b)(1)(B), (b)(4)), and an enhancement for personal use of a firearm. (§ 12022.5.) The trial court sentenced appellant to a total term in state prison of 25 years to life, including three years for the firearm enhancement and five years for the gang enhancement.

After we affirmed his conviction on appeal and the trial court denied two petitions for writ of habeas corpus, appellant filed a petition for writ of habeas corpus in this court. He contended that he was entitled to resentencing because the firearm use enhancement and the gang enhancement were based on the same instance of using a firearm and simultaneous imposition of these enhancements violated section 1170.1, subdivision (f).[2] (*People v. Rodriguez* (2009) 47 Cal.4th 501, 508-509; *People v. Francis* (2017) 16 Cal.App.5th 876, 881-882.) Respondent agreed and conceded that the trial court would then have discretion to reconsider all of its sentencing options, including its discretion to strike the firearm enhancement. (See,

---

[2] As relevant here, section 1170.1, subdivision (f) provides, "When two or more enhancements may be imposed for . . . using . . . a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."

e.g., *People v. Morelos* (2022) 13 Cal.5th 722, 768 [Senate Bill No. 620 (2017-2018 Reg. Sess.) grants courts discretion to strike or dismiss firearm enhancements imposed under section 12022.5]; Stats. 2017, ch. 682, § 1.)

We issued an order to show cause directing the Department of Corrections and Rehabilitation to show cause in the superior court why appellant should not be resentenced consistent with the Attorney General's concessions. At the resulting hearing, the trial court struck the gang enhancement and stayed the firearm enhancement previously imposed on count 3. It also ordered the sentence imposed on count 3 to run concurrently with the sentence imposed on count 2. The trial court declined to reconsider the sentence originally imposed on count 2 or to consider whether Assembly Bill 333 (2021-2022 Reg. Sess.), amending section 186.22, impacted that sentence. (*People v. Lopez* (2025) 17 Cal.5th 388, 394 (*Lopez*); Stats. 2021, ch. 699, § 3.) Appellant's resulting sentence is 15 years to life.

Appellant contends the trial court erred when it declined to reconsider the sentence imposed on count 2 in light of Assembly Bill 333. He further contends that the abstract of judgment erroneously imposes a court security fee under section 1465.8 because the trial court orally stayed imposition of that fee. Respondent concedes both points. We agree.

*Discussion*

*Assembly Bill No. 333*

Our order to show cause remanded the matter to the trial court for resentencing. "[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*People v. Padilla* (2022) 13 Cal.5th 152,

163.)  This is true whether the remand for resentencing occurs on direct appeal or collateral review.  (*People v. Buycks* (2018) 5 Cal.5th 857, 895.)  The judgment in such a case becomes final only "when 'the courts can no longer provide a remedy to a defendant on direct review.'" (*Lopez, supra,* 17 Cal.5th at p. 395, quoting *In re Spencer* (1965) 63 Cal.2d 400, 405.)

"[A] criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purposes of [*In re Estrada* (1965) 63 Cal.2d 740], and the benefits of supervening ameliorative legislation apply retroactively." (*Lopez, supra,* 17 Cal.5th at pp. 392-393.)  The defendant in such a case is entitled to the retroactive application of the ameliorative legislation at resentencing.  (*Ibid.*)

Assembly Bill 333 took effect on January 1, 2022, after appellant's conviction but before our order to show cause. Assembly Bill 333 amends section 186.22, the gang enhancement statute, by narrowing the definitions of a criminal street gang, a "pattern of criminal activity," and an offense that "commonly benefitted a street gang . . . ." (*Lopez, supra,* 17 Cal.5th at pp. 395-396.)  "These substantive changes to section 186.22 apply retroactively under the rule of *Estrada*." (*Id.* at p. 396.)  Because appellant's judgment was not final after we issued our order to show cause, appellant "is entitled to retroactive application of Assembly Bill 333's substantive changes." (*Id.* at p. 400.)  The trial court erred when it declined to consider appellant's request for relief under the amended statute.  We remand the matter to permit the trial court to do so.

*Section 1465.8*

At the hearing on the order to show cause, the trial court imposed and stayed all fines and fees based on appellant's inability to pay. The resulting abstract of judgment, however, includes an $80 court security fee imposed under section 1465.8. Where there is a conflict between the oral pronouncement of sentence and the abstract of judgment, the oral pronouncement of sentence controls. We direct the clerk of the superior court to correct the abstract of judgment by omitting the court security fee. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

*Disposition*

The matter is remanded for resentencing and correction of the abstract of judgment consistent with this opinion.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

Joseph A. Brandolino, Judge

Superior Court County of Los Angeles

_____

Law Offices of Brad Poore and Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.