Filed 2/6/26  In re Quiroz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re SERGIO QUIROZ<br><br>on Habeas Corpus. | G064955<br><br>(Super. Ct. No. 02CF3148)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus after a judgment from the Superior Court of Orange County, Andre Manssourian, Judge. Petition denied. Request for Judicial Notice. Granted.

Sergio Quiroz, in pro. per.; Aaron J. Schechter, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beeseley and Evan Stele, Deputy Attorneys General, for Respondent.

In this habeas proceeding, petitioner Sergio Quiroz challenges a five-year sentence enhancement he received for committing a serious felony for the benefit of a criminal street gang. Quiroz contends the enhancement was unauthorized and its imposition violated his right to fair notice of the charges. We disagree and deny his petition.

PROCEDURAL BACKGROUND

In 2004, Quiroz was convicted of attempted premeditated murder, making a criminal threat, and two counts of street terrorism. (Pen. Code, §§ 187, subd. (a), 664, subd. (a), 422, 186.22, subd. (a).)[1] The jury also found true allegations Quiroz discharged a firearm causing great bodily injury and acted for the benefit of a criminal street gang. (§§ 12022.53, subd. (d), 186.22, subd. (b)(1).) The trial court sentenced him to 40 years to life in prison, plus a concurrent term of 11 years that included a five-year gang enhancement on the criminal threat count. The judgment was affirmed on appeal. (*People v. Quiroz* (Jan. 27, 2005, G034245) [nonpub. opn.].)[2]

In 2024, Quiroz filed a petition for writ of habeas corpus challenging the five-year gang enhancement, which the trial court had imposed pursuant to section 186.22, subdivision (b)(1)(B). As Quiroz correctly points out in his petition, that particular subdivision was never alleged in any of the charging documents. The complaint and original information

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

[2] We grant Quiroz's unopposed request to take judicial notice of the clerk's transcript in case No. G063000 (*People v. Quiroz* (Mar. 13, 2024, G063000) [nonpub. opn.]), which was a prior appeal involving Quiroz's request to recall his sentence under section 1170, subdivision (d)(1)(A). (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

referenced section 186.22, subdivision (b)(1). And the amended information referenced subdivision (b)(1)(A), which respondent describes as an "apparent typographical error."

DISCUSSION

Quiroz contends his five-year gang enhancement was improper for two interrelated reasons: First, the enhancement was not authorized under section 186.22, subdivision (b)(1)(A), the subdivision with which he was charged; and second, even though the enhancement was authorized under subdivision (b)(1)(B), he did not receive adequate notice his sentence could be enhanced pursuant to that subdivision. Neither argument is persuasive.

As relevant here, section 186.22, subdivision (b)(1) provides "a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony . . . , be punished as follows:

"(A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion.

"(B) If the felony is a serious felony, as defined in subdivision (c) of [s]ection 1192.7, the person shall be punished by an additional term of five years.

"(C) If the felony is a violent felony, as defined in subdivision (c) of [s]ection 667.5, the person shall be punished by an additional term of 10 years."

Quiroz concedes making a criminal threat is a serious felony for purposes of section 186.22, subdivision (b)(1)(B) (see § 1192.7, subd. (c)(38))

3

and the jury found his conduct comes within the terms of that subdivision. However, because he was charged with violating section 186.22, subdivision (b)(1)(A), he argues the trial court lacked authority to enhance his sentence under subdivision (b)(1)(B).

This argument fails to recognize the mandatory nature of the enhancement provisions set forth in section 186.22, subdivision (b)(1). Under that subdivision, the enhancement applicable to a given felony that is committed for the benefit of a criminal street gang "is not a matter of prosecutorial charging discretion or a sentencing choice available to the trial court." (*People v. Francis* (2017) 16 Cal.App.5th 876, 883.) Rather, it is dictated by the particular subdivision of the statute that addresses the specific gang-related felony of which the defendant was convicted. (*Id.* at pp. 886–888 [trial court could not impose enhancement under subdivision (b)(1)(A) where defendant's conduct fell under subdivision (b)(1)(B)]; see also *People v. Lopez* (2005) 34 Cal.4th 1002 [trial court could not impose enhancement under subdivision (b)(1)(C) where defendant's conduct fell under subdivision (b)(5)].) This is true even if the defendant was charged with violating a different provision, as illustrated in *People v. Sok* (2010) 181 Cal.App.4th 88 (*Sok*).

In *Sok*, the defendant's gang-related felony was shooting at an occupied vehicle, which is covered under section 186.22, subdivision (b)(4). (*Sok, supra*, 181 Cal.App.4th at pp. 95–96.) Instead of calling for a determinate term enhancement like subdivision (b)(1), subdivision (b)(4) requires an indeterminate life term with a minimum term "'calculated as the greater of: [¶] (A) The term determined . . . pursuant to [the determinate sentencing law] for the underlying conviction . . . [or] [¶] (B) [i]mprisonment in the state prison for 15 years . . . .'" (*Sok,* at p. 96.)

4

The applicable subdivision of section 186.22 in *Sok* was (b)(4)(A). Although the defendant was not charged with violating that subdivision—the information cited subdivision (b)(4)(B) instead—*Sok* held subdivision (b)(4)(A) was controlling for purposes of calculating the defendant's sentence. (*Sok, supra*, 181 Cal.App.4th at p. 96 & fn. 8.) In so holding, *Sok* recognized there may be fairness concerns when a defendant is punished under a subdivision that was not specifically alleged against him. (*Id.*, at p. 96, fn. 8.) However, the court determined the defendant's rights were not violated by imposing the uncharged enhancement because he did receive notice an enhancement was being sought on the subject count, as well as notice of the factual basis for the enhancement that was actually imposed, and no prejudice could have resulted to the defendant by virtue of the charging miscue. (*Ibid.*)

That is also the case here. On the criminal threats count, Quiroz was not specifically charged with violating section 186.22, subdivision (b)(1)(B). But given that the prosecution initially charged him with violating subdivision (b)(1) and later amended the charge to subdivision (b)(1)(A), Quiroz clearly was on notice the People were seeking to enhance his punishment on the basis he acted for the benefit of a criminal street gang. And, because making a criminal threat is a serious felony for purposes of subdivision (b)(1)(B), Quiroz also had notice that his particular conduct qualified for enhancement under that subdivision. Quiroz has not identified any prejudice, nor can we conceive of any, resulting from the prosecution's failure to specifically charge him with violating subdivision (b)(1)(B).

Despite this, Quiroz argues he lacked fair notice he could be punished under section 186.22, subdivision (b)(1)(B) because, by amending the information to allege a violation of subdivision (b)(1)(A), the prosecution signaled it was not seeking to increase his punishment under subdivision

5

(b)(1)(B). Our Supreme Court has recognized "a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (*People v. Mancebo* (2002) 27 Cal.4th 735, 747.) Therefore, if the prosecution makes a *discretionary charging decision* to allege one provision over another, the defendant is entitled to rely on that decision in formulating his defense and may not be punished under the uncharged provision. (*Id*. at p. 749; see also *In re Vaquera* (2024) 15 Cal.5th 706, 721–724.)

But, as noted above, the applicable enhancement provision under section 186.22, subdivision (b)(1) is governed by the nature of the defendant's underlying felony; the prosecution does not have any charging discretion under that subdivision when the felony is committed for the benefit of a criminal street gang. (*People v. Francis, supra,* 16 Cal.App.5th at pp. 883, 886–888.) For that reason alone, it was not reasonable for Quiroz to infer subdivision (b)(1)(B) was off the table when the prosecution charged him with violating subdivision (b)(1)(A).

Moreover, the terms of section 186.22, subdivision (b)(1)(A) make clear that subdivision does not apply when the defendant commits a serious or violent felony as provided in subdivision (b)(1)(B) or (b)(1)(C). (See § 186.22, subd. (b)(1)(A) [the punishment provided in this subdivision applies *except as provided* in subdivisions (b)(1)(B) and (b)(1)(C)].) So, having been charged with the serious felony of making a criminal threat, Quiroz had every reason to know he was subject to punishment under subdivision (b)(1)(B).

For all these reasons, we reject Quiroz's challenge to his five-year enhancement under section 186.22, subdivision (b)(1)(B). Although the amended information charged him with violating subdivision (b)(1)(A), the

6

trial court was authorized—*and required*—to sentence him under subdivision (b)(1)(B), once the jury determined his conduct fell within the terms of that subdivision. Moreover, the nature of the charges as a whole fairly apprised Quiroz he was subject to punishment under that subdivision. Under these circumstances, there was no due process violation.

### DISPOSITION

Quiroz's petition for a writ of habeas corpus is denied.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

SCOTT, J.

7