Filed 3/29/22  P. v. Ruiz CA2/6
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK RUIZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B307717<br>(Super. Ct. No. 2014011115)<br>(Ventura County)<br><br><br>OPINION ON REMAND |

Frank Ruiz appeals from the judgment entered after the trial court resentenced him upon remand by this court.  In our original opinion (*People v. Ruiz* (Feb. 10, 2020, B291732) [nonpub. opn.] (*Ruiz I*)), we directed the trial court to exercise its discretion whether to strike a prior serious felony conviction and a firearm-use enhancement.[1]  On remand, the trial court refused to strike either.  A second appeal followed.  In *People v. Ruiz* (October 19, 2021, B307717) [nonpub. opn.] (*Ruiz II*), we stayed execution of a five-year gang enhancement and affirmed the judgment as so

---

[1] We take judicial notice of the record on appeal in *Ruiz I*.

modified. The California Supreme Court granted review and transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of Assembly Bill No. 518 [(A.B. 518)] (Stats. 2021, ch. 441)." Appellant has filed a supplemental brief in which he claims the matter must be remanded to the trial court for resentencing not only in light of A.B. 518, but also Senate Bill No. 567 (S.B. 567) (Stats. 2021, ch. 731).

We vacate our decision in *Ruiz II*. In this third opinion, we reject appellant's claims that (1) the trial court abused its discretion in refusing to strike the prior serious felony conviction and firearm-use enhancement, and (2) the cause must be remanded to the trial court for resentencing in light of A.B. 518. But we vacate the sentence and remand the cause for resentencing in light of S.B. 567. We accept the Attorney General's concession that the trial court erroneously imposed a five-year gang enhancement pursuant to Penal Code section 186.22, subdivision (b)(1)(B).[2] In all other respects, we affirm.

*Procedural History*

A jury convicted appellant of actively participating in a criminal street gang (count 1 - Pen. Code, § 186.22, subd. (a)) and assault with a firearm (count 2 - § 245, subd. (a)(2)). As to the second count, the jury found true allegations that appellant had personally used a firearm (§ 12022.5, subd. (a)) and had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)). Appellant admitted one prior serious felony conviction (§ 667, subd. (a)(1)), one prior prison term (§ 667.5, subd. (b)), and one prior "strike" within the meaning of

---

[2] All statutory references are to the Penal Code unless otherwise stated.

California's "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The trial court sentenced appellant on count 1 – actively participating in a criminal street gang – but stayed execution of the sentence pursuant to section 654. As to count 2 – assault with a firearm – the court imposed the following sentence: the upper term of four years, doubled to eight years because of the strike; plus five years for the gang enhancement; plus the upper term of 10 years for the firearm-use enhancement; plus five years for the prior serious felony conviction; plus one year for the prior prison term. Pursuant to section 654, the court stayed execution of the 10-year sentence for the firearm-use enhancement and the one-year sentence for the prior prison term. The aggregate unstayed sentence was 18 years.

In the first appeal, we reversed the conviction on count 1 for insufficiency of the evidence. As to the conviction for assault with a firearm (count 2), on our own motion we vacated the trial court's unauthorized section 654 stay of execution of the 10-year consecutive sentence for the firearm-use enhancement. This increased appellant's aggregate unstayed sentence from 18 years to 28 years. In the disposition we stated: "The matter is remanded to the trial court with directions to exercise its discretion whether to strike the prior serious felony conviction in furtherance of justice. (§§ 667, subd. (a)(1), 1385.) The trial court may also consider whether to exercise its discretion to strike the firearm-use enhancement 'in the interest of justice pursuant to Section 1385.' (§ 12022.5, subd. (c).)" In all other respects, we affirmed the judgment.

On remand, the trial court resentenced appellant to prison for 28 years. It refused to strike the prior serious felony

conviction or the firearm-use enhancement. It explained, "The reason the Court is not inclined to strike either is that special allegation number 2 [the firearm-use enhancement] is the exact conduct that the defendant was sentenced to prison for in 2002." According to the probation report, in 2002 appellant pleaded guilty to assault with a firearm and admitted enhancement allegations that he had personally inflicted great bodily injury, personally used a firearm, and committed the offense for the benefit of a criminal street gang. This is the prior strike. He was sentenced to prison for eight years. The probation report said that appellant and a companion had an argument with "three victims." Appellant "removed a handgun and fired two shots, hitting one of the victims."

The trial court observed, "[Appellant] was released from prison less than four years before the present offense and was discharged from parole less than one month prior to this offense whe[re] his conduct was essentially the same."

The court declined to impose less than the upper term of 10 years for the firearm-use enhancement. The court said, "Factors in aggravation justify that particular term. His prior convictions are numerous, . . . [and] he poses a serious danger to society . . . ."

*Facts*

The facts are taken from our first unpublished opinion. (*Ruiz I*, *supra*, slip opn. at pp. 3-4.)

"One night in October 2013, [R.M. (victim)] and his girlfriend, [J.M], drove to Vons to buy baby supplies. [J.M.] entered the store while [victim] remained by the vehicle in the parking lot. A young, skinny man approached [victim] and asked, '[W]here you from?' [Victim] replied, 'I ain't from nowhere, where you from?' The man said he was from 'Southside' or 'Sur

4

Town.'  The man 'tried to sucker punch' [victim] and 'barely misse[d]' him.

"[Victim] chased the man, who was not armed.  He heard [his girlfriend] call out that someone had a gun.  [Victim] suddenly saw a bigger, older man about 15 feet away and 'could hear him try to cock [the gun], but he couldn't.'  [Victim] 'started running.'  'He was zig-zagging in an attempt not to get shot.'  He heard one shot fired.  The bullet did not strike him.

"[Witness E.W.] testified that he had seen] the bigger, older man chase [victim].  The man shot once at [victim].  He 'was definitely trying to hit [him].'  'He was aiming directly at [him].'  It was not 'a warning shot.'  The shooter and his companions ran to a car, entered it, and drove away 'at a high rate of speed.'

"The shooter was identified as appellant.  He was a long-time member of the Sur Town Chiques (Sur Town) criminal street gang.  His gang moniker was 'Villain.'  The trial court took judicial notice before the jury that in 2002 appellant had been convicted 'of a violent felony for the benefit of the Sur Town criminal street gang against a victim who [was] a documented member of the Colonia Chiques criminal street gang.'  [Footnote omitted.]  A gang expert opined that appellant was still a member of Sur Town at the time of the October 2013 Vons parking-lot shooting.

"The skinny, younger man who threw the punch at [victim] was identified as [J.H.].  A gang expert opined that [J.H.] 'was a Sur Town gang member . . . .'

"A police officer found a spent shell casing in the Vons parking lot.  The shell casing had been ejected from the same 9-millimeter pistol that had been used in four other gang shootings.

"In response to the prosecutor's hypothetical question incorporating the facts of the Vons parking-lot shooting, a gang expert opined that it had been committed for the benefit of a criminal street gang."

*No Abuse of Discretion*

The trial court had discretion whether to strike the prior serious felony conviction and the firearm-use enhancement. We review its refusal to strike them for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373, 375.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"'" (*Id.* at pp. 376-377.)

For several reasons, appellant contends that the trial court abused its discretion. First, "there would be no reason not to strike the firearm use enhancement on remand, since it originally had stayed sentence based on the same course of conduct as the principal charge," i.e., assault with a firearm. Appellant is referring to the following statements by the trial court at the time of the original sentencing: "[T]here would seem to be some logic in [section] 654 applying to the special allegation for personal use of a firearm when the principal offense is assault with a firearm." "[I]t [the 10-year term imposed for the firearm

6

enhancement] is stayed . . . pursuant to Penal Code section 654 because [the firearm use] is part of the same course of conduct as the principal charge."

The trial court did not abuse its discretion by refusing to strike the firearm-use enhancement merely because the use of the firearm was part of the same course of conduct as the underlying offense of assault with a firearm. If this constituted an abuse of discretion, a firearm-use allegation could never be imposed when the underlying offense is assault with a firearm. The prohibition would conflict with section 12022.5, subdivision (d), which states, "[T]he additional term provided by this section shall be imposed for any violation of Section 245 [aggravated assault] if a firearm is used . . . ."

The second reason why the trial court allegedly abused its discretion is that appellant's "lengthy" aggregate sentence of 28 years "was not justified on the facts." Since we are staying execution of the five-year term imposed pursuant to section 186.22, subdivision (b)(1)(B), his unstayed aggregate sentence is actually 23 years, not 28 years. Appellant notes that in 2002 he was sentenced to only eight years for assault with a firearm upon three victims and infliction of great bodily injury upon one victim. Appellant complains, "In the instant case, with no victim hit, and thus no great bodily injury enhancement alleged, he received a [23] year term, [15] years greater than the prior offense." That appellant received a lenient sentence in 2002 does not mean that the trial court abused its discretion in imposing a substantially longer sentence for the present offense. The longer sentence was justified because of his recidivism. Appellant "recognizes that an additional four years was attributable to the strike, with five years for the prior serious felony conviction."

7

As his third reason for claiming an abuse of discretion, appellant alleges that the trial court "was punishing [him] because of the 'same conduct' from the 2002 case" even though "he had served his time on that case[] and was penalized for that prior conviction by reason of the strike allegation which doubled his sentence on the underlying charge, and because of the prior serious felony conviction under section 667, subdivision (a)." Therefore, "the aggravated 10-year term for the firearm enhancement was not justified." The trial court did not punish appellant for his conduct in 2002. The court was entitled to take into account the similarity between the 2002 offense and the present offense. The similarity and violence of the offenses show that he made no rehabilitative progress during his imprisonment and parole for the prior offense. They also show, as the court found, "that he poses a serious danger to society."

Finally, appellant contends that the trial court abused its discretion in not striking the prior serious felony conviction because, while on parole from September 7, 2009 to August 13, 2013, he "remained crime free" although "he had two parole violations." The four-year parole period was not "a crime-free cleansing period of rehabilitation" because he committed the present offense in October 2013, two months after his discharge from parole. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

The probation report for the present offense aptly summarizes appellant's situation: "Before the Court is a 36-year-old male who has amassed a substantial criminal record dating back to the age of 13. Despite being afforded numerous opportunities both as a juvenile and adult to remain in the community, [appellant] continued to make poor choices. As a

8

result, in 2002 he was sentenced to prison for a period of eight years.  The prison sentence[,] however, did not thwart [appellant] from future criminal acts as indicative of the present offense.  It appears [appellant] has a predilection for violent behavior . . . . [Appellant's] conduct clearly depicts his volatile nature and his blatant disregard for human life. . . .  [Appellant] poses a threat to the community . . . ."

*Violation of Section 1170.1*

Section 1170.1, subdivision (f) provides, "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."  Appellant claims, and the Attorney General concedes, that the trial court violated this provision by "impos[ing] two different sentence enhancements for the assault with a firearm, one under section 12022.5(a) [personal use of a firearm – 10 years], and the other under section 186.22, subdivision (b)(1)(B) [felony committed for the benefit of a criminal street gang – 5 years]."

We agree.  Section 186.22, subdivision (b)(1)(B) provides, "If the [underlying] felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years."  Appellant's "crime qualifies as a serious felony solely because it involved a firearm.  The crime fell under subdivision (c)(8) of section 1192.7, which applies to 'any felony in which the defendant personally uses a firearm' (*id.,* subd. (c)(8)), or subdivision (c)(23), which applies to 'any felony in which the defendant personally used a dangerous or deadly weapon' (§ 1192.7, subd. (c)(23)), or subdivision (c)(31), which applies to 'assault with a deadly weapon, firearm,

9

machinegun, assault weapon, or semiautomatic firearm' [citation]. These three provisions constitute the sole bases under which [appellant's] conduct . . . would be a serious felony, and they all clearly implicate the use of a firearm." (*People v. Le* (2015) 61 Cal.4th 416, 425.) "Therefore, . . . [appellant's] section 186.22[(b)(1)(B)] gang enhancement . . . is an enhancement 'imposed for being armed with or using . . . a firearm.' (§ 1170.1, subd. (f).) Under section 1170.1, subdivision (f), the underlying felony, based on section 245, subdivision [(a)(2)], could not be enhanced for use of a firearm both under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1). Rather, section 1170.1 required that only the greater of the two enhancements—in this case, the enhancement under section 12022.5—could be imposed." (*Id*. at p. 425.)

Unlike section 186.22, subdivision (b)(1)(B), section 186.22, subdivision (b)(1)(A) does not require that the underlying felony be a serious felony. Section 186.22, subdivision (b)(1)(A) provides, "Except as provided in subparagraph (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion." But appellant's sentence cannot be enhanced under subdivision (b)(1)(A). "[B]ecause subdivision (b)(1)(A) unambiguously excludes serious and violent felonies, that enhancement may not be appended to a serious . . . felony" such as assault with a firearm. (*People v. Francis* (2017) 16 Cal.App.5th 876, 882.)

### A.B. 518 Is Inapplicable

A.B. 518 became effective January 1, 2022. It amended section 654. Before the amendment, former section 654 provided, "An act or omission that is punishable in different ways by different provisions of law shall be punished *under the provision*

10

*that provides for the longest potential term of imprisonment . . . .*" (Italics added.) As amended, section 654 provides, "An act or omission that is punishable in different ways by different provisions of law may be punished *under either of such provisions . . . .*" (Stats. 2021, ch. 441, § 1, italics added.)

In his supplemental brief appellant claims, "[T]his matter requires a remand to the trial court to enable that court to exercise its discretion[] [pursuant to amended section 654] to stay sentence on the greater enhancement [the 10-year enhancement under section 12022.5, subdivision (a)], rather than the lesser enhancement [the five-year enhancement under section 186.22, subdivision (b)(1)(B)] . . . ."

The People concede that, if amended section 654 applies here, it applies retroactively because appellant's judgment of conviction was not final when the amendment became effective. (*In re Estrada* (1965) 63 Cal.2d 740.) But section 654 does not apply here. We are not staying the five-year enhancement pursuant to section 654. We are staying it pursuant to section 1170.1, subdivision (f), which provides, "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." Where a specific statute such as section 1170.1, subdivision (f) applies, "recourse to section 654 will be unnecessary because a specific statute prevails over a more general one relating to the same subject. [Citation.] The court should simply apply the answer found in the specific statute[] and not consider the more general section 654." (*People v. Ahmed* (2011) 53 Cal.4th 156, 163.)

11

Appellant argues that, as to the trial court's imposition of the upper 10-year term for the firearm-use enhancement, "remand is required for a new sentencing hearing" pursuant to S.B. 567. Effective January 1, 2022, S.B. 567 amended section 1170. Before the amendment, former section 1170, subdivision (b) provided, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." Amended section 1170, subdivision (b)(1) provides that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (Stats. 2021, ch. 731, § 1.3.) Paragraph (2) of amended section 1170, subdivision (b) provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." "The People correctly concede the amended version of section 1170, subdivision (b) . . . applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

In selecting the upper term for the firearm-use enhancement, the trial court relied on two aggravating factors: "[(1) Appellant's] prior convictions are numerous, pursuant to

Rule 4.421[(b)(2) of the California Rules of Court],"[3] and (2) "he poses a serious danger to society [pursuant to] Rule 4.421[(b)(1)]." In their supplemental brief on S.B. 567, the People rely only on the first factor in arguing that remand is unnecessary.[4]

Rule 4.421(b)(2) provides that circumstances in aggravation include that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Appellant argues: "[T]he use of his prior convictions to impose the aggravated [four-year] term on the underlying offense [assault with a firearm] was an exception to the requirement that a factor in aggravation had to be admitted by the defendant or found true by the jury beyond a reasonable doubt under amended section 1170, subdivision (b). However, imposition of the aggravated term on the section 12022.5 subdivision (a) [firearm-use] enhancement violated the prohibition against dual use" of the same fact "'to impose an upper term on a base count and an upper term for the enhancement. [Citation.]' [Citation.] Therefore, appellant's prior convictions could not be used to impose the upper term on that enhancement." We disagree. "[T]he dual use of a fact or facts to aggravate both a base term and the sentence on an enhancement is not prohibited." (*People v. Moberly* (2009) 176

---

[3] All references to rules are to the California Rules of Court.

[4] The People contend: "Remand is not necessary because the trial court was permitted to rely upon appellant's prior convictions as an aggravating factor to justify imposition of [the] upper term[]. Under newly added section 1170, subdivision (b)(3), the sentencing court may rely upon certified records of a defendant's prior conviction in selecting the sentence to impose without submitting the prior conviction to a jury."

Cal.App.4th 1191, 1198, cited with approval in *People v. Chism* (2014) 58 Cal.4th 1266, 1336.)

There is another impediment that precludes the use of his prior convictions (except the 2002 strike) as an aggravating circumstance. The impediment is the requirement of a certified record of conviction. Section 1170, subdivision (b)(3), provides, "[T]he court may consider the defendant's prior convictions in determining sentencing based on a *certified* record of conviction without submitting the prior convictions to a jury." (Italics added.) Thus, if a prior conviction has not been found true by the trier of fact and has not been admitted by the defendant, under S.B. 567 the court may consider it only if presented with a certified copy of the record of conviction. (See Evid. Code, §§ 452.5, subd. (b)(1); 1530, subd. (a)(2).) "[C]ertified records of conviction fall within the definition of official records contained in Evidence Code section 1280 (the official records exception to the hearsay rule), and are per se admissible as such. Moreover, a certified official record of conviction is admissible to prove not only the *fact* of a conviction, but also that the offense reflected in the record occurred." (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461.) Before the enactment of S.B. 567, courts generally relied on the probation report in determining the defendant's record of prior uncharged convictions. S.B. 567 does not permit reliance on the probation report for this purpose.

Appellant has one prior felony conviction – the 2002 strike. All of his other prior convictions are misdemeanors.[5] Thus, when

---

[5] The misdemeanor convictions are listed in the People's opposition to appellant's motion to dismiss the 2002 strike. They are as follows:

14

the trial court stated that appellant's "prior convictions are numerous," it must have been referring to the 2002 strike and the misdemeanor convictions. We have reviewed the record on appeal in *Ruiz I and Ruiz II.* The only certified record of conviction pertains to the 2002 strike. There was no need to submit certified records of the misdemeanor convictions because the People were not required to prove these convictions. Accordingly, under S.B. 567 the trial court's consideration of the misdemeanor convictions was improper. It follows that the trial court's reliance on the first aggravating factor – appellant's "numerous" prior convictions – was also improper.

As justification for imposing the upper 10-year term for the firearm-use enhancement, we are left with the second aggravating factor – appellant "poses a serious danger to society." Rule 4.421(b)(1) provides that circumstances in aggravation include that "[t]he defendant has engaged in violent conduct that indicates a serious danger to society." This factor alone could warrant imposition of the upper term. (*People v. Osband* (1996)

1. 5/6/2000 – Vehicle Code section 20002(a) – failure to immediately stop after a traffic accident resulting only in damage to property.
2. 7/30/2000 – Vehicle Code section 14601.5(a) – driving while driver's license is suspended or revoked.
3. 8/17/2000 – another violation of Vehicle Code section 14601.5(a).
4. 1/20/2001 – Business & Professions Code section 25662(a) – possession of alcoholic beverage by a minor in a public place.
5. 8/16/2001 – Penal Code section 148.9 – falsely identifying oneself to a peace officer.
6. 10/31/2001 – Vehicle Code section 12500(a) – driving a motor vehicle without a valid driver's license.

15

13 Cal.4th 622, 728 ["Only a single aggravating factor is required to impose the upper term"].)

Appellant contends that the aggravating circumstance that "he posed a serious danger to society . . . under amended section 1170, subdivision (b)(2) . . . has to have been stipulated to by the defendant, or found true by the jury or by the judge in a court trial." Appellant misinterprets the amendment. "[T]he *facts underlying* [the aggravating] circumstances[, not the aggravating circumstances themselves, must] have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Amended § 1170, subd. (b)(2), italics added.)

Here, the trial court concluded that appellant poses a serious danger to society without specifying the facts underlying this aggravating circumstance. Whatever those facts were, appellant must have stipulated to them or the trier of fact must have found them true beyond a reasonable doubt. (Amended § 1170, subd. (b)(2).) Remand is necessary so that the trial court may resentence appellant on the firearm-use enhancement in accordance with S.B. 567's amendment of section 1170, subdivision (b).

### Disposition

Our prior decision in *Ruiz II* is vacated. The sentence previously imposed by the trial court on remand is also vacated. The matter is remanded to the trial court for resentencing pursuant to section 1170, subdivision (b) as amended by S.B. 567, and section 1170.1, subdivision (f) as explained *ante,* at pages 9-10. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


                                        YEGAN, Acting P. J.

We concur:


        PERREN, J.


        TANGEMAN, J.

David R. Worley, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.